# CITY OF SPRINGFIELD

*v.*

# HENRY LE CLAIRE.

1. MUNICIPAL CORPORATIONS—*liability of—for safe condition of streets.* Where the duty is imposed by law upon a municipal corporation, to keep its streets in a safe condition for use by the public, an action on the case will lie against it for damages arising from a neglect of such duty.

2. SAME—*primary liability of.* And in such case, the duty being imposed upon the corporation, it cannot be shifted to a person who had been employed to perform it, and if an injury results from neglect of such duty, the corporation must be held liable for the damage.

3. FORMER DECISIONS. *Lesher et al.* v. *The Wabash Navigation Co.,* 14 Ill. 85; *Hinde* v. *Same,* 15 ib. 72; *Chicago, St. P. & Fond du Lac R. R. Co.* v. *McCarthy,* 20 ib. 385; *Browning* v. *City of Springfield,* 17 ib. 143; *Scammon* v. *City of Chicago,* 25 ib. 424, and *City of Bloomington* v. *Bay,* 42 ib. 503, cited in support of this doctrine.

4. CORPORATIONS—*duty of—in exercising their powers.* Corporations, like individuals, are required to execute their rights and powers with such precautions as shall not subject others to injury.

5. MUNICIPAL CORPORATIONS—*negligence of—what defenses not allowed.* In an action against a municipal corporation, for injuries alleged to have been sustained by the plaintiff from falling into a sewer, which, under a contract with the

corporation was in process of construction, in one of the public streets, the defendant filed two special pleas, by the first of which, liability was sought to be thrown on the contractor who was engaged in the work, and the second plea was based upon a clause in the charter of the city, to the effect that it should not be held liable for any damages arising from the bad condition of its streets, from neglect to *repair* the same, until a certain officer should have been notified thereof, and failed to repair the same within a reasonable time after such notice. A demurrer was sustained to these pleas, and judgment rendered thereon. *Held*, that this action of the court was proper—neither of the pleas presenting any defense to the action; that this provision in the charter had no application to the case stated in the declaration. The injury complained of was not the result of *defective* streets, but in permitting the sewer to be constructed in a manner dangerous to the public safety.

APPEAL from the Circuit Court of Sangamon county; the Hon. EDWARD Y. RICE, Judge, residing.

This was an action on the case, brought in the court below, by the appellee, against the appellant, to recover damages for injuries alleged to have been sustained by him from falling into a sewer which was being made in one of the streets of the city. The defendant pleaded the general issue, and two special pleas. Joinder was had on the plea of the general issue, and a general demurrer was filed to the special pleas, which the court sustained, and rendered judgment thereon. A trial was had thereupon, before the court and a jury, and a verdict and judgment rendered for the plaintiff for $2,000, to reverse which the record is brought to this court by appeal, the appellant assigning for error, the action of the court below in rendering judgment on the demurrer to the special pleas.

Messrs. MCCLERNAND & BROADWELL and Mr. T. G. PRICK-ETT, for the appellant.

Messrs. PALMER & HAY, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The questions presented by this record arise out of the ruling of the circuit court on the special pleas of the defendant, appellant here.    There are two of these, by the first of which, responsibility is sought to be thrown on the contractor who made the sewer.

That the city may not be liable, within the meaning of the rule *respondeat superior*, for the acts of its contractors or their workmen while engaged in effecting a lawful object, is not the question here.    The question is, was there a duty resting upon the city, growing out of the franchises conferred upon it, to keep its public streets in a safe condition for the passage of travelers and others having occasion to use them.    That there was, is established by the charter bestowing the franchises, the sixth clause of the fifth article of which gives to the city exclusive control and power over its streets, alleys and highways, and to put drains or sewers therein; and by the seventh clause of the same article, full power is given it to construct, regulate and keep in repair bridges, culverts and sewers, sidewalks and cross-ways, and to regulate the construction and use of the same.

It is a necessary corollary, from these premises, that a party receiving damage from neglect of this duty, is entitled to his action.    *Clayburgh* v. *The City of Chicago,* 25 Ill. 535.    As the city is the principal in the duty imposed, it must occupy the same position when damages are claimed for a neglect of that duty.    Neither the one nor the other can be shuffled off the city by their act.    Admitting that the power to construct sewers is discretionary as to the time of its exercise, yet, when exercised, it must be in such a manner as not to expose others to injury.    A corporation, like individuals, is required to exercise its rights and powers, and with such precautions, as shall not subject others to injury.

But it is quite unnecessary to argue the question presented by this plea, as the matters contained in it have so often been held by this court to constitute no defense.    *Lesher et al.* v.

*The Wabash Navigation Co.*, 14 Ill. 85; *Hinde* v. *Same*, 15 ib. 72; *Chicago, St. P. & Fond du Lac R. R. Co.* v. *McCarthy*, 20 ib. 385; *Browning* v. *City of Springfield*, 17 ib. 143; *Scammon* v. *City of Chicago*, 25 ib. 424; *City of Bloomington* v. *Bay*, 42 ib. 503, and Ang. & Ames on Cor., sec. 10.

Decisions to the same effect are found in *Story* v. *City of Utica*, 17 N. Y. 104; *City of Buffalo* v. *Holloway*, 3 Seld. (N. Y.) 493, and *Robbins* v. *City of Chicago*, 2 Black, (U. S.) 418.

The only case conflicting with those cited by appellant, is *Painter* v. *The City of Pittsburgh*, 46 Penn. 221, the doctrine of which we are forbidden, by prior decisions of this court cited on the same question, to follow or sanction, even if approved. The construction of the sewer by contract, did not release the city from the obligation, while in process of construction, to have it so carried on as not to endanger the lives or limbs of travelers upon the street. It could have required this of the contractors, and it was negligence to omit it.

The third plea brings up this clause in the charter of the city :

" That the city of Springfield shall not be liable for any damages or injury arising from the bad condition of the streets, alleys or highways of the city, by reason of the neglect of the proper officer of said city to repair the same, until the supervisor of said city shall have been notified thereof, and shall have failed to repair the same within a reasonable time after such notice."

Laying out of view all consideration of the propriety of such a clause, and its inconsistency with other provisions of the charter, and with established rules of law, it is very manifest it cannot apply to this case. There is no charge in this declaration of negligence in not keeping the street in repair, but for permitting a work to be carried on in a street,

dangerous in itself, without proper safeguards, and which they neglected to supply. The injury complained of was not the result of a defective street, which a traveler upon it might have noticed and reported, but for permitting the sewer in it to be excavated in a manner hazardous to the safety of the people.

The pleas being bad, neither of them presenting any defense to the action, judgment for the plaintiff on the demurrer, was the proper judgment, and no evidence of the facts contained in them was admissible.

There being no error in the record, the judgment must be affirmed.

*Judgment affirmed.*