## CITY OF STERLING

*v.*

## HENRY THOMAS.

1. STREETS AND SIDEWALKS—*duty of a city to keep them in repair.* Where, by the charter of a city, the streets and sidewalks are under the control of the city authorities, it is incumbent on the city to keep them in repair, and for any neglect in its performance the city is liable in damages.

2. In an action against a city for injury to the plaintiff occasioned by the alleged neglect of the city to keep a sidewalk in proper condition, it appeared that a person who was erecting a building in the city, did, with the knowledge and consent of the city authorities, in order to reach the basement of his building, make an excavation under the sidewalk. This excavation was kept covered with loose boards, except when access to the basement was necessary, the boards, or a portion of them, were removed, and replaced after the necessity had passed. The opening was thus covered up to six o'clock of the evening of the injury, after which time some person unknown removed the covering, and the plaintiff, it being very dark that night, in going home, fell into the basement and broke his shoulder: *Held,* the question whether this covering of boards, which could be easily removed, afforded sufficient security, was properly left to the jury, and this court concurs with them in opinion it was not sufficient.

3. Adequate security should have been afforded, which could have been done by erecting.a sufficient railing around the excavation, which would have prevented any one falling into it, and the authorities of the city, by the exercise of reasonable diligence, and at a slight expense, could have done this or compelled the owner of the property to do it—thus far their duty extended.

4. The authorities had power to forbid the excavation, and, not having forbidden it, they permitted it.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

Messrs. HENRY & JOHNSON, for the plaintiff in error.

Messrs. WILKINSON, SACKETT & BENNETT, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case for an injury occasioned by the negligence of plaintiff in error in allowing an opening in the sidewalk of the city of Sterling to remain unprotected, by means of which the defendant in error, though walking with all due care and caution, in the night time, was precipitated into the opening, and was seriously injured.

It appears one Edwards, who was erecting a building on the corner of Spruce and Third streets, in the city of Sterling, did, with the knowledge and consent of the city authorities, in order to reach the basement of his building, make an excavation under the sidewalk. This excavation was kept covered with loose boards, except when access to the basement was necessary; the boards, or a portion of them were then removed, and replaced after the necessity had passed.

This was the condition of the opening up to six o'clock of the evening of September 23, 1869, after which time some person unknown removed the covering, and the plaintiff, it being very dark that night, in going home, fell into the basement and broke his shoulder.

Boyden, the street commissioner, testified he knew the opening was there the day before the accident; saw it open when

the sidewalk was first built; went down to it on purpose to see if it was covered.

It is insisted by the plaintiff in error that it is not chargeable with negligence, it having performed its duty in causing this excavation to be covered.

It is admitted, by the charter of the city its streets and sidewalks are under the care and control of the city authorities, and the duty to keep them in repair is incumbent on them, and for any neglect in its performance, they are liable in damages. *City of Bloomington* v. *Bay*, 42 Ill. 508.

The question whether this covering of boards, which could be easily removed, afforded sufficient security, was fairly left to the jury, and we concur with them in opinion it was not sufficient. Adequate security should have been afforded, which could have been done by erecting a sufficient railing around the excavation. This would have prevented any one from falling into it, and was more secure than boards. The authorities of the city, by the exercise of reasonable diligence, and at a slight expense, could have done this, or compelled the owner of the property to do it. That the duty of the authorities extended thus far is shown by the cases of the *City of Chicago* v. *Gallagher, Adm'x*, 44 Ill. 295, and *City of Springfield* v. *LeClaire*, 49 Ill. 476.

We have said, this opening was made with the consent and knowledge of the city authorities. The street commissioner knew of its existence, and it had been made a long time. The question of knowledge from lapse of time was a fair question for the jury, and they have found the fact. Those authorities had power to forbid the excavation. Not having forbidden it, they permitted it. They knew it was dangerous, and neglected to provide sufficient safeguards.

We see no error in the instructions, and must affirm the judgment.

*Judgment affirmed.*