62  465
175  262

ARMSTED MAINS

*v.*

JOSEPH COSNER.

1. SEDUCTION—*evidence—promise to marry.* In an action by a father for the seduction of his daughter, the admission of testimony that defendant had promised to marry the daughter, when the jury are instructed not to consider the promise of marriage in aggravation of damages is not erroneous but proper.

2. SAME—*evidence for defendant.* In such action, the defendant offered to prove that his parents were opposed to his keeping company with plaintiff's daughter on account of his youth and indiscretion, and that plaintiff had been notified of such fact, not directly from defendant's parents, which the court refused to admit: *Held,* that the court decided correctly.

3. SAME. If the offer had been to prove that plaintiff had been warned against the defendant on account of his bad habits, or profligate character, the evidence would have been admissible. But knowledge of the plaintiff that defendant's parents were opposed to his keeping the company of the daughter on the mere ground of youth and indiscretion would not indicate that a seduction was apprehended.

4. VERDICT—*setting aside—irregularity.* The court, when about to adjourn for the day, in the absence of defendant's counsel, directed the sheriff to allow the jury upon agreement to seal up their verdict and disperse, with instruction to meet the court in the morning, which was done. In the morning the jury met the court and delivered their verdict, the defendant's counsel being present. The court refused to set aside the verdict for the cause stated: *Held,* that, as it did not appear that defendant was in any manner prejudiced, the irregularity was no ground for setting aside the verdict.

5. ERROR IN FACT—*infant's appearance by attorney.* The defendant in a suit at law appeared by attorney, and on the trial it appeared incidentally that the defendant was an infant. The question of infancy was not raised in the court below. On error, it was objected, for the first time, that the appear

30—62D ILL.

ance should have been by guardian : *Held,* that a motion should have been made in the circuit court to set aside the verdict and judgment on that ground, as an error of fact, when evidence could have been heard on both sides, and the decision of the court thereon might then be reviewed.

WRIT OF ERROR to the Circuit Court of Cass County ; the Hon. CHARLES TURNER, Judge, presiding.

Mr. I. J. KETCHAM, and Messrs. POLLARD & PHILLIPS, for the plaintiff in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

We find no grounds in this record for reversing the judgment. The admission of testimony that the defendant had promised marriage was in conformity with nearly all the authorities. The evidence was admissible, because tending to show that the defendant sought the society of plaintiff's daughter under the pretense of honorable motives, and that the illicit intercourse was, therefore, the result of seduction on his part in the strict sense of the term. The court properly instructed the jury that they were not to consider the promise of marriage in aggravation of damages in this action. The evidence taken in connection with this instruction was not improper.

It is objected that the court erred in not permitting defendant to prove that the parents of defendant were opposed to his "keeping company" with plaintiff's daughter, because "of his youth and indiscretion," and that the plaintiff was notified of their objections. If the offer had been to prove that the plaintiff had been warned against the defendant on account of his bad habits or profligate character, the evidence would have been admissible. But the proposed proof was not of that nature, and the defendant did not offer to show that his parents had directly stated to the plaintiff that they were opposed to any intercourse between their son and his

daughter, but only that he had been in some way notified that such was the fact. If the parents of the defendant had desired to put the plaintiff on his guard against their son, they should have done so directly and in plain terms. One of plaintiff's daughters had married a brother of defendant, and this circumstance would naturally lead to unreserved intercourse between the members of the two families. If the defendant's parents feared the consequences that have resulted, they should have cautioned the plaintiff, and should have placed their objections to the intercourse on the true grounds. Mere opposition to the intercourse, on the ground of " the youth and indiscretion " of their son, even if this opposition were known to plaintiff, would not indicate to the latter that they feared their son would seduce his daughter, or that such a result was to be apprehended.

The record shows that the court, when about to adjourn for the day, directed the sheriff, in the absence of defendant's attorney, to allow the jury, if they should agree upon a verdict, to seal it and disperse, and meet the court in the morning to deliver it. This was done. We do not consider this a sufficient ground for reversing the judgment. The jury met the court in the morning, and the counsel for defendant were present, and had an opportunity of polling them when the verdict was delivered. It is not claimed that the defendant was, in fact, prejudiced by the irregularity, and unless he was so, it is not a sufficient ground for setting aside the verdict. *Smith* v. *Thompson,* 1 Cowen, 221 ; *Wharton* v. *Wharton,* 2 id. 589.

It is objected that the defendant was an infant when the suit was brought, and appeared by attorney instead of guardian. This question was not in any manner raised in the court below, and there was, therefore, no adjudication upon it. The fact of infancy, if it was a fact, appeared only incidentally on the examination of one of the witnesses. A motion should have been made to set aside the verdict and judgment. On that motion the court would have heard the evidence on both sides, and its decision could then have been re-examined

here.  As now presented, the alleged error is merely an error of fact.  The case, in this respect, is like that of *Beaubien* v. *Hamilton,* 3 Scam. 215.

The judgment must be affirmed,

*Judgment affirmed.*