66  361
29a 502
66  361
37a 369
66  361
39a 430

# THE CITY OF CHICAGO

*v.*

## CHARLES LANGLASS *et ux.*

1. DAMAGES, EXCESSIVE—*personal injury through negligence of municipal corporation.* In a suit against the city of Chicago to recover for personal injury in consequence of negligence in the city in failing to maintain a safe and sufficient sidewalk, where the proof showed that the plaintiff had received permanent injuries of a very serious character from which she may never recover, and which will probably cause her death; that, prior to the accident, she had enjoyed excellent health, but that since that time, a period of five years, she had been a constant invalid and had suffered great bodily pain, the jury assessed the plaintiff's damages at $5000, upon which judgment was rendered: *Held,* that the damages were not excessive.

2. MEASURE OF DAMAGES—*personal injuries.* In cases of personal injury, resulting from negligence on the part of a municipal corporation, the jury, in assessing the plaintiff's damages, may take into consideration the plaintiff's loss of time, expenses incurred in being cured, pain and suffering undergone, and any permanent injury to the person, as proper elements of damages.

3. NEGLIGENCE—*dangerous sidewalk in city—notice.* When a sidewalk has been properly constructed with reference to safety, and through long use or natural decay has become unsafe, before a party can recover of the city for injuries sustained in consequence thereof, it must appear that the city knew, or could have known, by the exercise of reasonable diligence, its unsafe condition, and sufficient time must have elapsed after notice in which to make the repairs.

362     CITY OF CHICAGO *v.* LANGLASS *et ux.*     [Sept. T.

Statement of the case.

4. But where a sidewalk, when built, was a dangerous structure, as, being only four feet wide, six feet above the level of the street, and four feet from the buildings, without any railings or guards whatever, and was upon a great thoroughfare of a city where many persons were constantly passing over it, and a person, in the night time, fell from the same and was injured, and the walk had no appearance of any change since built: *Held*, that the city was guilty of gross negligence, and that, in such a case, an instruction that it must appear that the city had notice of the defect in the walk which caused the injury, or that such defect had continued for an unreasonable time, to entitle the plaintiff to recover, was properly refused.

5. ERROR—*in respect to instructions.* Where an instruction refused is not applicable to the facts of the case, though announcing a correct principle of law, and where the party is not injured by its refusal, such refusal is no ground for a reversal.

6. JURY—*allowing to separate before return of verdict.* Where the court, in the absence of counsel, directed the bailiff in charge of a jury to permit them, when they had agreed upon a verdict, to sign the same, seal it up and meet the court on the next morning, which was done, and the jury returned their verdict into open court on the next day: *Held*, no ground for disturbing the verdict.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action on the case, brought by the appellees against the appellant. The declaration alleged personal injuries to the plaintiff, Mary Langlass, in consequence of the negligence of the city of Chicago in failing to maintain a safe and sufficient sidewalk on North Union street, in said city, between Lake and Kinzie streets. The general issue was filed and a trial had, resulting in a verdict in favor of plaintiffs for $5000. Motion for new trial overruled, and judgment on the verdict. The other material facts appear in the opinion.

Mr. I. N. STILES, and Mr. JOHN LEWIS, for the appellant.

Messrs. WALKER, DEXTER & SMITH, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This case was before this court at the September term, 1869. A statement of the facts will be found in the opinion of the court. *The City of Chicago* v. *Langlass et ux.* 52 Ill. 256.

The judgment was reversed on the ground that the damages found were excessive. It did not appear that Mrs. Langlass had suffered any considerable permanent injury, and it was thought that the jury may have given exemplary damages, hence it was deemed best to submit the case to another jury.

The evidence in this record makes a much stronger case, and shows that Mrs. Langlass, through the many years that have elapsed since the injuries were sustained, has been a very great sufferer, and it now clearly appears, from the medical testimony, that she has received permanent injuries of a very serious character from which she may never recover, and which will, in all probability, cause her death. Previous to the accident she had been in excellent health, and since that time, although five years have now elapsed, she has been a constant invalid by reason of the injuries received. Her health has been destroyed, and her injuries are such that they may cause her death. Under the circumstances, we can not say that the damages found are excessive.

The same objection is made as was made in *The City of Chicago* v. *Jones, ante,* p. 349, that a party can not recover against a municipal corporation for the pain and suffering endured in consequence of injuries sustained. The objection was held untenable, and we there stated our views of what the jury might properly consider in making up their verdict.

It is insisted that the court erred in refusing to give the following instruction, asked on the part of the city:

"The jury are further instructed, as to the law of this case, that, to entitle the plaintiff to recover against the city in this

case, the evidence should show, to the satisfaction of the jury, one or the other of the following facts, viz: that the city had actual notice of the defect in the sidewalk which caused her injuries, or that such sidewalk had remained in such defective condition for an unreasonable length of time prior to the accident, and if neither of these facts has been shown by the testimony in this case, the plaintiff can not recover in this action."

If it be conceded that the instruction states a correct principle of law, its application to the facts of this case may well be doubted. When a sidewalk has been properly constructed with reference to safety, and through long use or natural decay has become unsafe, before a party can recover for injuries sustained, it must appear that the city knew, or could have known, by the exercise of reasonable diligence, its unsafe condition; and sufficient time must have elapsed, after notice, in which to make the repairs. *The City of Peru* v. *French*, 55 Ill. 317, and cases cited.

In that class of cases, the principle of the instruction would have its just application. But this is not such a case. The walk where the accident occurred was certainly a dangerous structure. Its width was only four feet, and at its intersection with Lake street it was six feet above the level of Union street and four feet from the buildings, without any railings or guards whatever. The surveyor, who described the walk minutely, says that, at the time the accident occurred, "there was no appearance of recent changes." Nothing to the contrary appearing, we must conclude that the walk was in the same condition as when originally constructed. It was gross carelessness to construct a sidewalk on a great thoroughfare, like the one where the accident happened. The most careful person would be in imminent danger in passing over it at any time after nightfall.

In this view of the evidence, even under the principle stated in the instruction, appellant was in nowise injured by

the refusal of the court to give it.   If no changes had re-cently taken place in the walk, as testified to by the surveyor, then, in the view taken by counsel, sufficient time had elapsed in which the city officers, by the exercise of reasonable dili-gence, could have discovered its dangerous condition and provided for the public safety by placing railings or guards on it.   This was their plain duty, and the omission would render the city liable.   The verdict would necessarily have been the same if the instruction had been given.   The evi-dence presents a clear case of gross neglect, and any verdict that would find the defendant not guilty would not be per-mitted to stand.

The court, in the absence of counsel, directed the bailiff in charge of the jury to permit them, when they had agreed on a verdict, to sign the same, seal it up and to separate, and meet the court on the following morning, which they did do, and returned their verdict in open court when it convened the following day.   It is said that this is such an irregular-ity as will vitiate the verdict.

A similar objection, taken in *Mains* v. *Cosner*, 62 Ill. 465, was held to be untenable, and that case is conclusive of this point in the case at bar.

Substantial justice has been done, and no error appearing that can affect the merits of the case, the judgment is affirmed.

*Judgment affirmed.*