## The Village of Carterville
### v.
## Samuel Cook, by Next Friend.

*Municipal Corporations—Negligence — Sidewalk — Evidence — Expert Testimony—Instructions.*

1. Although a municipal corporation does not insure the safety of persons using its sidewalks, its officers are bound to keep such walks in reasonably safe condition and repair, and an action will lie on behalf of a person injured because of the negligent failure of such officers to perform their duty in this regard.

2. In the absence of contributory negligence on the part of a person injured because of the defective or unsafe condition of a sidewalk, although the primary cause of the injury is a pure accident which of itself would not have resulted in harm, the corporation is liable for such injury.

3. In an action against a municipal corporation to recover for an injury caused by being accidentally pushed off an unprotected sidewalk, this court declines to interfere with the verdict for the plaintiff.

[Opinion filed January 10, 1888.]

Appeal from the Circuit Court of Williams County; the Hon. David J. Baker, Judge, presiding.

Appellee brought this suit in case to recover damages for personal injury alleged to have resulted from the negligence of appellant in permitting its sidewalk to be and remain without banister, or railing, or guards, on the side thereof, at a place where said walk was elevated above the surface, thereby rendering it unsafe for school chi'dren and others using it. A trial was had, the jury found defendant guilty and assessed plaintiff's damages at $1,000. Defendant filed its motion for a new trial, which the court overruled, and rendered judgment on the verdict, to reverse which defendant took this appeal.

The sidewalk in question was constructed over and across a low place or depression in the street of appellant, for a distance of about 300 feet, and its height above the surface, at the point where appellee claimed he fell, was about six feet, with a banister or railing on one side, the other side of the walk being provided with no banister or other guard. This sidewalk was on one of the main streets of the village, was much used by the public generally, was traveled over by persons going to and from a church in its vicinity, and was passed over daily by at least half the number (three to four hundred) of children attending a public school. At the time he was injured appellee was one of the scholars, and he testified, while on his way home from school at noon, in walking along this sidewalk at the highest point above the ground, two of the scholars, who did not notice him as he approached, were standing on the side next the banister, and as he was in the act of passing by them, one of them pushed the other against him, and he was thereby thrown off the side that was unprotected by a banister, fell a distance of about six feet upon the ground below and received the injury complained of.

Messrs. JAMES M. WASHBURN and JOSEPH W. HARTWELL, for appellant.

The duty to erect railings or barriers, even when they would give more complete protection, is not an absolute one. A municipal corporation may determine for itself to what extent it will guard against mere possible accidents. The judicial

tribunals are not to say it shall suffer in damages for not giving more complete protection. That would practically take the administration of municipal affairs out of the hands to which it has been intrusted by law. 2 Dillon's Municipal Corporations, Sec. 1005; Lansing v. Toolon, 37 Mich. 132; City of Freeport v. Isbell, 83 Ill. 440. Want of railings is not negligence *per se.* Staples v. Canton, 69 Mo. 592.

Nor is it allowable to determine that four feet is not a sufficient width in a sidewalk to protect a municipality from the charge of negligence; and an assumption that a sidewalk only four feet wide, without railings, is of itself a circumstantial act of negligence, is unwarrantable. Town of Fairbury v. Rogers, 2 Ill. App. 96; Town of Grayville v. Whitaker, 85 Ill. 439.

A village is not an insurer against accidents. It is not required to have its sidewalks so constructed as to secure absolute immunity from danger in using them. Nor is it bound to employ the utmost care and exertion to that end. It is not required to foresee and provide against every possible danger or accident that may occur; but is only required to keep its sidewalks in a reasonably safe condition. Centralia v. Krouse, 64 Ill. 19; Chicago v. McGiven, 78 Ill. 347; Chicago v. Bixby, 84 Ill. 84; Village of Gibson v. Johnson, 4 Ill. App. 288; City of Bloomington v. Read, 2 Ill. App. 542.

The proof of negligence of appellant was upon appellee. The only evidence offered was the fact that one side of the sidewalk, which was six feet wide, and at one place five feet above the surface of the ground, and six feet above the bottom of a ditch by the side of the walk, was without banister or railing. That this is not even presumptive evidence of negligence, or that the sidewalk was not reasonably safe for persons exercising reasonable care and caution, see Town of Fairbury v. Rogers, 2 Ill. App. 96.

On the contrary, that the number of safe transits over this sidewalk (which an arithmetical calculation, based on the evidence, will show, amount to nearly 1,000,000 in the six years of its existence and use, with but a single accident), is strong —nay, overwhelming, proof that this sidewalk was reasonably

safe.    See City of Chicago v. Bixby, 84 Ill. 84; City of El Paso
v. Causey, 1 Ill. App. 531.

Messrs. B. W. POPE and GEO. W. YOUNG, for appellee.

Towns are bound to erect fences or railings at places which
would otherwise be unsafe or inconvenient for travelers exer-
cising ordinary care.    Collins v. Dorchester, 6 Cush. 396.

The law requires highways to be made safe and convenient
for travelers; and where, in traveling near the edge of the
way, there is danger of being precipitated down an embank-
ment, or into an excavation, or into water, a railing is neces-
sary to render traveling on the highway safe.    Without it
there would be danger, and for this reason an action is given
for the want of a sufficient railing, as well as for a defect or
want of repair.    Kimball v. Bath, 38 Me. 219; Norris v. Litch-
field, 35 N. H. 271.

Where there is a steep bank or other dangerous place so
near the sidewalk as to make the walk itself dangerous as a
way, or to expose travelers to injury through some accident
or mischance that might be reasonably expected to follow
therefrom as incident to the use of the walk in such condition,
the city should be required to erect a railing to protect those
thus using the walk from such apparent danger.    City of Mon-
mouth v. Sullivan, 8 Ill. App. 55.

Where a rail or barrier is necessary for the proper security
of travelers at places on the highway which, from their nature,
would be otherwise unsafe, and the maintenance of which
would have prevented the happening of injury, it is negligence
not to construct and maintain such a barrier.    Shearman and
Redfield on Negligence, Sec. 591; Chicago v. Gallagher, 44
Ill. 295.

One who passes along a sidewalk has a right to presume it
to be safe.    He is not called upon to anticipate danger, and is
not negligent for not being on his guard.    McGuire v. Spence,
91 N. Y. 303; Morrill on City Negligence, 137.

"A person traveling on a public street, if he exercises ordi-
nary care, has a right to be absolutely safe against all accidents
arising from obstructions or imperfections in the streets."

Village of Carterville v. Cook.

Lincoln v. Walker (Neb.), 30 Alb. L. J. 406; Chicago v. Hickok, 16 Ill. App. 142.

That the person injured knew of the defect before the injury, does not *per se* establish negligence on his part. Diveny v. Elmira, 51 N. Y. 506; Aurora v. Dale, 90 Ill. 46; Hubbard v. Concord, 35 N. H. 52.

The mere fact that a traveler is familiar with the road, and knows of the existence of a defect therein, will not impose upon him the duty to use more than ordinary care in avoiding it. Reed v. Northfield, 13 Pick. 94; Shearman and Redfield on Negligence, 414.

He is required to use only the ordinary care and prudence which the circumstances demand. Diveny v. Elmira, *supra;* Palmer v. Dearing, 93 N. Y. 7; Joliet v. Conway, 17 Ill. App. 577.

And recovery will not be prevented unless a person of ordinary prudence would not have walked there. McKenzie v. Northfield, 30 Minn. 456; Evans v. Utica, 69 N. Y. 166.

And this is a question for the jury. Bullock v. New York, 99 N. Y. 654; Pomfrey v. Saratoga, 54 N. Y. 607; McGuire v. Spence, 99 N. Y. 654; Brusso v. Buffalo, 90 N. Y. 679.

The plaintiff's right to recover is not affected by his having contributed to his injury, unless he was in fault in so doing. If his share in the transaction was innocent, and not incautious, it furnishes no excuse for defendant. Shearman and Redfield on Negligence, Sec. 28.

When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate, the one being a culpable defect in a highway, and the other some occurrence for which neither party is responsible, the municipality is liable, provided the injury would not have been sustained but for such defect. Macauley v. New York, 67 N. Y. 602; Kennedy v. New York, 73 N. Y. 365; Clark v. Lebanon, 65 Me. 393; Galveston v. Posnainsky, 62 Tex. 118; Crawfordsville v. Smith, 79 Ind. 308; Hampton v. Taylor (R. I.), 29 Alb. L. J. 415; Morrill on City Negligence, 106.

Negligence may be the proximate cause of an injury of which it is not the sole or immediate cause. If the defend-

ant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that i clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time. Shearman and Redfield on Negligence, Sec. 10.

Where a town neglected to keep a highway reasonably safe, the fact that there was negligence of a third party in contributing to the injury is of no consequence. Burrell Township v. Uncapher, 117 Pa. 353; 10 Cent. Rep. 328.

The fact that a large number of persons had passed over a footing without accident, is not competent evidence that the footing is not a nuisance. Temperance Hall Ass'n v. Giles, 4 Vroom, 260.

A city can not excuse its negligence by showing that other persons had passed uninjured. Schoomaker v. Wilbraham, 110 Mass. 134; Bauer v. Indianapolis, 99 Ind. 56; Temperance Hall Ass'n v. Giles, *supra;* Hyatt v. Rondout, 44 Barb. 385; S. C., 41 N. Y. 619.

GREEN, P. J. We have been favored by counsel for appellant with an elaborate argument, fortified by quite an array of authorities, in support of its contention that a municipal corporation ought not to be held liable to respond in damages, in an action on the case, to one injured while in the exercise of reasonable care, in consequence of the officers of the corporation negligently permitting its sidewalk to be and remain in an unsafe condition. We regard this as no longer an open question in this State; by our statute municipal authorities are given entire control of the streets in the corporation, and thereby the duty is imposed upon it to keep its streets and sidewalks, which are a part thereof, in a reasonably safe condition and repair for the use of persons traveling on the same, and an action will lie against such corporation on behalf of one who, in the exercise of reasonable care, sustains injury by reason of the negligent failure to perform such duty, to

recover his damages occasioned by the injury. This has been held to be the law in this State in repeated decisions of our Supreme Court, and, among other cases, in Bloomington v. Bay, 42 Ill. 503; Chicago v. Keefe, 114 Ill. 222. The rule so established is wise and salutary. Officers of municipal corporations organized and exercising corporate powers in this State, knowing this to be the law, will exercise greater vigilance in caring for and keeping in repair and safe condition streets and sidewalks, thereby decreasing the danger of accident and injury to persons using the same; and in this connection we deem it proper to dissipate an apprehension which the learned counsel for the appellant seem to entertain— that this court may so misunderstand the law as to hold a municipal corporation bound to construct and maintain its sidewalks in such condition as to *insure* the persons using them from accident. We do not understand or hold this to be the duty imposed upon appellant by the law. It is bound only to use reasonable care and diligence to keep its sidewalk in reasonably safe condition for the use of persons traveling thereon, and our Supreme Court have held, in Chicago v. Keefe, *supra*, a child may be lawfully upon the sidewalk for pleasure—that is, for play—and the city owes the same duty to have the sidewalk in a reasonably safe state of repair in respect to it that it does in respect of those who are on the sidewalk passing to or returning from their places of business or abode. And while it is not the duty of the municipal corporation, in all cases where it raises its sidewalk above the adjacent ground, to guard each side with railing or other barriers to prevent pedestrians from accidentally falling off, and the omission to provide such protection is not always negligence *per se* creating liability, yet in cases analogous to the case at bar, where it is apparent that such protection is required to render the sidewalk reasonably safe for school children daily using the same, and to prevent the occurrence of an accident which is likely some time to happen if such protection is not furnished, it has been held to be gross negligence on the part of the corporation to omit the duty to erect railings or other guards on the sides of the walk, adequate for the protection from the danger

of falling therefrom, of persons traveling thereon and exercis-
ing ordinary care and caution.  Joliet v. Verley, 35 Ill. 58;
Chicago v. Gallagher, 44 Ill. 295; Springfield v. Le Claire, 49
Ill. 476; Sterling v. Thomas, 60 Ill. 264; Galesburg v. Hig-
ley, 61 Ill. 287; Chicago v. Langlass, 66 Ill. 361; City of Mon-
mouth v. Sullivan, 8 Ill. App. 55.

On behalf of appellant, it is claimed the trial court erred in
refusing to admit evidence offered on its behalf, thereby de-
priving it of the benefit of certain material facts necessary for
the jury to know in order to fairly determine the question of
appellant's negligence.  We find, upon a careful examination
of the record, no error in this regard.  It is further insisted
the evidence does not establish the fact that the injury com-
plained of was caused by a fall, but that bone erysipelas or
scrofula brought about the injured, inflamed and diseased con-
dition of the foot and ankle whereby appellee was disabled.
On this point two physicians who had examined the injury
testified concerning it; one thought it was "a scrofulous con-
tusion;" the other was quite as positive appellee exhibited no
symptoms of erysipelas or scrofula, and that the injury was a
contused wound, such as might be the result of a fall.  The
other testimony relied on to sustain this theory of appellant
consisted of statements of appellee, his father and stepmother,
touching the cause and character of the injury, as testified to
by several witnesses.  Appellee, his father and stepmother,
denied having made some of these statements and explained
others, but, as against the inference to be drawn from this
testimony, a number of disinterested witnesses, as also appel-
lee, his stepmother and father, testified that up to the time
appellee claimed to have been pushed off the sidewalk he had
not been injured in his foot or ankle, or complained of any
injury to it, or of being lame.  It was the province of the
jury to determine from all the evidence the cause of the injury,
and in ascribing it to a fall they were sustained by the evi-
dence.  It is also insisted, inasmuch as no one but appellee
testified to the fact that he was pushed off the sidewalk,
and in this is not corroborated by the testimony of the two
boys who were there at the time, one of whom, he says, was
pushed against him, therefore the material fact that he was

Village of Carterville v. Cook.

pushed off and fell from the sidewalk is not proven by a preponderance of the evidence. These witnesses were examined in the presence of the court and jury; their manner of testifying, their conduct and demeanor while on the witness stand, was doubtless taken into consideration by the jury in determining the weight and credit to be given to the testimony of each witness; and upon examining the testimony of the two boys we find it quite unsatisfactory; neither of them seems to have had a good memory, or to be able to recollect very distinctly any material fact; and we can not say the jury were not warranted in accepting and believing appellee's version of the accident, and finding that he fell and was injured without fault or negligence on his part; that his injury was the combined result of an accident and the unsafe condition of appellant's sidewalk caused by its negligence, and that the injury and consequent damage to appellee would not have been sustained but for the want of railing or other guards which, in the exercise of ordinary care and prudence, appellant ought to have provided for the protection and security of those using its sidewalk at the place of the accident. In a case where it appears the injury is the combined result of accident and a defective or unsafe condition of the sidewalk, and the injury would not have been sustained but for the defect or unsafe condition, although the primary cause be a pure accident, yet, if the plaintiff is not guilty of fault or negligence, the corporation is liable and he can recover for the injury. Kelsey v. Glover, 15 Vermont, 708; Palmer v. Andover, 2 Cush. 600; Joliet v. Verley, *supra;* City of Lacon v. Page, 48 Ill. 499; Bloomington v. Bay, 4, *supra.*

Applying the law to the facts as they appear in the record and as the jury evidently found them to be, plaintiff has established his right to recover the judgment appealed from. We perceive no error in the refusal of the court to give the 2d and 8th instructions on behalf of appellant, or in modifying its 6th, 7th and 9th instructions before giving them to the jury, but are of opinion the jury were fully and fairly instructed as to the law. We find no reason to disturb the verdict of the jury, or for reversing the judgment, and affirm the same.                    *Judgment affirmed.*