# THE CITY OF MT. VERNON

## v.

# ISAAC B. BROOKS.

*Municipal Corporations—Negligence of—Personal Injuries—Cripple—Defective Sidewalk—Municipal Warrants—Issuance of in Anticipation of Collections—Sec. 2, Chap. 146, Starr & C. Ill. Stats.—Evidence—Instructions.*

1. Where municipal corporations omit the duty of erecting railings or other guards on the sides of a walk adequate for the protection from danger by falling therefrom, of persons using the walk with ordinary care and caution in walking thereon, it will be sufficient to sustain a verdict for gross negligence.

2. A cripple using crutches has the same right to use a sidewalk as a sound person, but must exercise a higher degree of care.

3. A city assuming to repair a sidewalk must do so in such a manner as to render the same reasonably safe for travel.

4. In view of Sec. 2, Chap. 146a, Starr & C. Ill. Stats., a municipal corporation will not be excused from repairing its sidewalks, there being no funds in its treasury, if a tax levy is already made, against which warrants may be issued in anticipation of its collection by virtue of that section.

5. A witness should not be cross-examined as to matters not touched upon in chief.

6. In cases of this sort it is for the witness to give the facts as to the condition of a given walk and the jury to decide as to its safety.

7. A city is bound to use ordinary care to keep its walks in a reasonably safe condition for persons using ordinary care and with the ordinary capacity to care for themselves.

[Opinion filed February 26, 1891.]

APPEAL from the Circuit Court of Jefferson County; the Hon. C. S. CONGER, Judge, presiding.

Messrs. POLLOCK & POLLOCK, for appellant.

A party can not expose himself to danger and then recover damages for an injury he might have avoided by the use of reasonable precaution. Lovenguth v. Bloomington, 71 Ill. 238; City of Quincy v. Barker, 81 Ill. 300.

It is the duty of a person to use his eyes to direct his footsteps, and failing to do so is such negligence as will preclude from recovering. Kewanee v. Depew, 80 Ill. 119.

The burden of proof was on the plaintiff to establish the fact that, in view of his knowledge of the condition of the walk as he claimed it to be, and his own crippled condition, he exercised such precaution to avoid injury as a prudent man would, but no such evidence of this kind can be found in the record. The mere fact that he was injured affords no ground for recovery where danger is actually known or apparent to ordinary observation, or reasonably to be apprehended; proof of positive or special care must be made to warrant a recovery. C., B. & Q. R. R. Co. v. Olsen, 12 Ill. App. 245, 251.

If the defendant contributed to the injury no recovery can be had. Chicago & Alton R. R. v. Fietsam, 123 Ill. 518.

The fact, if proven, that the defendant may have been guilty of gross negligence, will not entitle the plaintiff to recover. Care on the part of the plaintiff is essential and must be proven. Willard v. Swansen, 126 Ill. 381.

The plaintiff must show that he used due care and that the injury was in no way attributable to him. Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416.

A plaintiff who by his own want of ordinary care has contributed to the injury complained of, can not recover no matter what the degree of the defendant's neglect may have been, provided it is short of that which raises an inference of a wilful and intentional wrong, and the doctrine of comparative negligence does not apply in such case. C., B. & Q. R. R. v. Dougherty, 12 Ill. App. 181.

No person was present with the plaintiff at the time of the accident, and hence we can not have any further explanation of the circumstances attending his fall. Courts can not draw inferences or indulge in presumptions beyond the testimony to sustain a verdict. The burden of proof of every fact necessary to a recovery was on the plaintiff, and under the law as stated in the foregoing cases, the evidence fails to show any right of recovery, and the trial court should have set the verdict of the jury aside upon this ground.

The rule is, where a person by the exercise of proper care could have avoided the injury, no recovery can be had. Wood's Mayne, 108.

There is no evidence in the entire record showing that any other defect that may have been in the walk contributed in any way to producing the alleged injury, except the board which was partially broken at one end, as stated by the plaintiff. And to this alone, as we understand the rule of law, the inquiry should have been directed. The evidence shows that the piece of walk spoken of by the plaintiff and referred to by some other of the witnesses, was about eight feet in length, and although other parts of the sidewalk may have been in an unsafe condition, no recovery can be sustained because of any such defects until some one has suffered personal injury therefrom. If we are supported in this position then but little of the plaintiff's testimony has any bearing upon the question in issue, and fails to support the finding of the jury.

The plaintiff's witnesses make general statements by referring to the condition of that piece of sidewalk after the cyclone on the 19th day of February, 1888, when a caboose was thrown upon it, breaking it down, and that it remained in about the same condition till a new walk was built there after this accident happened. But as to when this board was partially broken, that the plaintiff claims caused him to fall, there is no evidence, except so far as the statement of the plaintiff may tend that way, when he says that he knew about it for some time before that.

Whatever may have been the condition of the sidewalk in question, if the city made reasonable efforts to keep it in reasonably safe condition, the defendant is not liable. Chicago v. McGiven, 78 Ill. 347; Rockford v. Hildebrand, 61 Ill. 155; City of Quincy v. Barker, 81 Ill. 300.

The evidence for the defendant shows clearly that this walk was totally destroyed by the cyclone of the 19th of February, 1888; that within a short time afterward the walk was rebuilt in the best way it could be done under the circumstances; that continued inspection was made of all the walks and that neither of the officers of the city had any notice of any defect in it until after the happening of this accident, when it was immediately repaired.

Mr. SAMUEL LAIRD, for appellee.

On every question of fact presented to the jury in the case it can not fail to be seen on the most superficial examination of the record that the preponderance of the evidence is with appellee. Appellant cites Smith v. Slocum, 62 Ill. 354; Ehrich v. White, 74 Ill. 481; Belden v. Innis, 84 Ill. 78; Teutonia Life Ins. Co. v. Beck, 74 Ill. 165; Ferkel v. The People, 16 Ill. App. 310–315, and Cochlin v. The People, 93 Ill. 410. None of which authorities are in any way applicable to this case, in our opinion.

The doctrine of the law is laid down by our Supreme Court in a long and unbroken line of decisions, and in fact it is now the settled law of the State, that juries and trial courts who heard the witnesses testify and observed their demeanor on the stand are the best judges of their credibility, and that courts of appeal will not interfere with their conclusions unless the verdict is wholly unsupported by the evidence. White v. Clayes, 32 Ill. 325; Ferry Co. v. Higgins, 72 Ill. 517; Calvert v. Carpenter, 96 Ill. 63; Hays v. Houston, 86 Ill. 487; Lewis v. Lewis, 92 Ill. 237; Kinsley v. Sampson, 100 Ill. 573.

PHILLIPS, J. This is an action on the case brought by appellee against appellant to recover for personal injuries received while passing along a sidewalk in the city of Mt. Vernon, which is alleged to have been defective. It is alleged that on the 25th day of January A. D. 1889, a sidewalk was built over a ravine, the bottom of which was about four feet below the level of the walk, and which walk was only three feet wide, constructed of plank laid on stringers resting on the banks of the ravine, and which was without railing along the sides of the walk at that point, and with one side sagged about six inches lower than the other, with loose and broken plank laid on the stringers, and that the walk at that point and both ways therefrom was unsafe and insecure by reason of holes in the walk and loose plank thereon. It is further alleged that the plaintiff, while using due care passing along said walk, stepped into a hole in the sidewalk and fell from the walk into the ravine, and received severe inju-

ries. At the bottom of the ravine were broken brick on which he fell. This walk was on a street much used and was the direct route for appellee to pass in going to and from his residence to his place of business.

The defendant pleaded the general issue and a special plea, in which it was averred that prior to plaintiff's injury the sidewalk in Mt. Vernon had been destroyed by a cyclone and the defendant had been compelled to exhaust and expend all the revenue applicable to building and repairing sidewalks before such injury. The evidence shows the plaintiff is crippled and requires the use of crutches to enable him to move on the walks, and the only sidewalk over which he could pass from his place of business to his home was this walk; that it was out of repair with broken and loose boards and from the cause and in the manner alleged, the plaintiff fell and was injured, The sidewalk where it rested on stringers across the ravine from bank to bank was about eight or nine feet long and no railings were along the sides of the walk and none were placed there at the time of its construction. It has been held in repeated decisions of the Supreme and Appellate Courts of this State that where municipal corporations omit the duty of erecting railings or other guards on the sides of a walk adequate for the protection from danger by falling therefrom, of persons using the walk with ordinary care and caution in walking thereon, it will be sufficient to sustain a verdict for gross negligence. Joliet v. Verley, 35 Ill. 58; Chicago v. Gallagher, 44 Ill. 295; Springfield v. LeClare, 49 Ill. 476; Sterling v. Thomas, 60 Ill. 264; Galesburg v. Higley, 61 Ill. 287; Chicago v. Langlass, 66 Ill. 361; Monmouth v. Sullivan, 8 Ill. App. 55; Carterville v. Cook, 29 Ill. App. 495. The appellee, though crippled and necessarily using crutches to pass along the walk, had the same right to use it as one not in his condition. The only requirement of the law being that he should use a higher degree of care consequent on his greater liability to danger in passing thereon. The evidence authorized the jury to find that a sufficient degree of care was used by the appellee, and it was so found. The evidence shows that the sidewalks of the city had been destroyed by a cyclone

City of Mt. Vernon v. Brooks.

previous to the time of appellee's injury and that this walk had been destroyed with others.

But it also appears that the appellant repaired the walk at this place, and the manner of repair was such that it was left in an unsafe condition, without railing, where the walk bridged the ravine. If the city assumed to repair the walk, its duty was to so repair that it would be reasonably safe for persons to travel over the same. This it failed to do. It is insisted, however, that the city had expended all its revenue levied for the building and repairing of sidewalks, and therefore was without money to keep the same in repair, and was discharged from its duty thereby. The testimony of the city treasurer is that there was no money in the treasury from November 20, 1888, to April, 1889. The appellee was injured on the 23d day of January, 1889, and the tax levy for 1889 had been made but was not collected until April, 1889. By Sec. 2, Chap. 146, Starr & C. Ill. Stats., municipal corporations may issue warrants to the extent of seventy-five per cent of levy already made in anticipation of their collection. The city, therefore, having the right to issue its warrants in anticipation of its levy then made, had means to provide for the repair of its side-walk. There is not sufficient evidence in the record of want of funds to repair the walks to discharge the city from its duty of keeping the same in repair. The appellant assigns as error the ruling of the court in overruling and sustaining objections to certain questions. Daniel Smith, a witness for appellee, was asked: "At that time what was the general traveled route for foot passengers down that street?" to which appellant, by its counsel, objected, and the objection being overruled that ruling is assigned as error. It was material to show the use of the walk as one method of determining the knowledge the officers of the city had, or by the exercise of ordinary diligence might have had, of the defects in the walk. But the question was not answered by the witness and could not have affected the verdict. Objection is, however, taken to the language of the court in passing on this objection. The ruling of the court embraced more than was included in the question, but it is apparent that the language used could not

have prejudiced appellant. William Muir, a witness for appel-
lee, stated he saw plaintiff fall, went to his assistance, etc.
He was not asked in chief as to the condition of the walk.
On cross-examination he stated he was in the habit of cross-
ing that walk, and was by appellant's counsel then asked:
"Do you know whether there were any broken planks at that
time?" to which appellee, by his counsel, objected, and the
objection being sustained appellant excepted. The witness
was not asked in chief as to the condition of the sidewalk and
the question was not therefore proper as a cross-examination.

Appellant offered as a witness one Thomas Jones, who
stated he had repaired the walk about the time of the injury,
and was asked: "What condition did you find it in at that
time?" which question was objected to and the objection sus-
tained and appellant excepted. The witness, on further exam-
ination in chief, stated the time he was at the walk to repair
it and the condition in which he found it at that time;
appellant had the full benefit of the evidence sought by the
question to which the objection was sustained. The witness
was then asked in chief, "State whether in your judgment
that walk was in a condition for people with ordinary legs to
walk over?" to which an objection of appellee was sus-
tained and appellant excepted. It is for the witness to give
facts to the jury, and whether the walk was reasonably safe
for persons to pass along is a question for the jury to deter-
mine from the evidence. This question asks for the opinion
of the witness as to the safety of the walk, and the objection was
properly sustained. The appellant asked the court to give
the following instructions among others: "And you are
further instructed for the defendant, that you can not justly
visit the misfortunes of the plaintiff upon the defendant, and
if you believe from a preponderance of the evidence that the
plaintiff was a cripple and used crutches to aid him in passing
along the sidewalk, and that from this fact resulted the injury,
or that this materially contributed to producing the injury, then
the plaintiff can not recover." "You are further instructed
for the defendant if, from a careful consideration of all the
evidence given to you upon the trial of this cause, you believe

City of Mt. Vernon v. Brooks.

that the cause of the injury complained of can as well be attrib-
uted to the want of due care on the part of the plaintiff, or to
the fact of his being in a crippled condition and using crutches
to assist him in walking, as to any negligence on the part of
the servants of the defendant, or if the carelessness of the
plaintiff or his crippled condition materially contributed to or
was nearly equal to the negligence of the servants of the
defendant in causing the injury complained of, then the
defendant can not recover," which were refused by the court,
and which refusal is assigned as error.

The first instruction above ignores the question as to whether
the sidewalk was reasonably safe for persons to pass along the
same, and if unsafe for persons having the use of their limbs,
the fact that appellee was a cripple would not defeat his right
of recovery if he used care proportionate to his condition;
however that may be the court gave to the jury the following
instruction: " The court instructs the jury that it is not the
duty of the city in the construction and repair of its sidewalks
to provide against injury to a person in a crippled condition
any further than for persons having the ordinary use of their
physical powers; all it is required to do is to use ordinary care to
keep the walks in a reasonably safe condition for persons using
ordinary care, and with the ordinary capacity to care for them-
selves, and in that case if you believe from the evidence that
plaintiff is a cripple and walks with crutches and is thereby
less able to care for and protect himself than persons having
the ordinary use of their physical power, he would be required
to take such additional care and precaution as his condition rea-
sonably requires," which correctly stated the law to the jury,
and it was not error to refuse appellant's instructions. The
judgment must be affirmed.

*Judgment affirmed.*