## THE CITY OF CHICAGO

*v.*

## CHARLES JOHNSON.

| | |
|---|---|
| 53 | 91 |
| 27a | 53 |
| 53 | 91 |
| 127 | 446 |
| 127 | 447 |
| 28a | 156 |
| 53 | 91 |
| 35a | 622 |
| 53 | 91 |
| 64a | 376 |

| | |
|---|---|
| 53 | 91 |
| 91a | ²478 |
| 53 | 91 |
| 190 | ²355 |
| 53 | 91 |
| 107a | ² 68 |

1. HIGHWAYS—*duty and liability of a city in respect to the safety of its streets.*  A city, having the control and care of its streets, in respect to keeping them in repair, is under a duty, in excavating for an improvement therein, to place proper barricades about the excavation to prevent injury to passers by, and failing so to do, and injury results to one in the exercise of due care on his part, the city is liable.

2. PRESUMPTION—*by what authority a street is being paved.*  In an action against a city, to recover for injuries received, by reason of an excavation which was made in one of its streets, as an adjunct in the laying of a pavement therein, on an objection that there was no proof the work was being done by the order of the proper city authorities, it was *held*, to be a reasonable presumption, when such work is being done within the limits of a city that it is done by the proper authority of the city.

3. And the excavation being an adjunct to the paving, the same presumption must obtain, that it also was made by the same authority directing the paving.

4. NOTICE *to the city, in such case.*  Notice to the city, in such case, of the excavation, is not necessary, the city having caused it to be made.

5. STREETS IN CITIES—*of the title therein.*  In an action against a city to recover for injuries received by the plaintiff, by reason of an excavation in one of the streets, it is not error to instruct the jury that the title and possession of the public streets is in the city, whether the city has the fee in the streets, or only a possessory title.

APPEAL from the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

Charles Johnson brought an action on the case, in the court below, against the city of Chicago, alleging in his declaration that in August, 1867, the defendant, while repairing Milwaukee Avenue, one of the streets in said city, caused a deep ditch to be dug on the east side of said avenue, and left the same in the night time, without light, guards or barricades,

and that the plaintiff, while driving along said avenue on the evening of the twenty-seventh of August, was thrown from his wagon by his horse falling into the ditch, and greatly injured. He obtained a verdict for $1000, upon which judgment was rendered, and the city appealed. The various grounds of objection to the judgment, are set forth in the opinion of the court.

Mr. S. A. IRVIN, for the appellant.

The court below erred in instructing the jury, the city was invested with the title to the public streets in said city.

The assumption that the fee of the streets is necessarily and certainly in the city, is not true. Where the dedication is by plãtting and recording, that is so; but there may be, as there are, in the city common law, dedications of streets, and in such cases, the fee of the streets is not in the city. There is no evidence which this street was. *Manley et al.* v. *Gibson,* 13 Ill. 312; *Rees* v. *City of Chicago,* 38 Ill. 338.

The evidence fails to show the city had notice of the excavation. Courts never charge a city with presumptive notice, where the excavation is made the day of the accident or injury. Hilliard on Torts, 392; *Winn* v. *Cowell,* 1 Allen, 187.

And even if it is shown the city was paving the street, there is no presumption that the excavation for the area was part of that work. *City of Chicago* v. *Robbins,* 2 Black, 418.

Again, it appears from the evidence that appellee knew the street was in the process of repairing or improving, the night of the accident, and before he drove on it. It, therefore, was his duty to have taken some other route. It was gross carelessness on his part, on a dark night, with that knowledge, to risk traveling over it. If he did, he took the chances, and, however hard it may be, he alone is responsible for the consequences. *Wilson* v. *Charleston,* 8 Allen, 137; *Frost* v. *Waltham,* 12 Allen, 85.

Nor will it do for appellee to attempt to excuse his negligence, by showing there were no barriers put up there. That fact does not relieve him from the exercise of care and prudence. *Fellow* v. *Boston*, 3 Allen, 38.

Messrs. MILLER, VAN ARMAN & LEWIS, for the appellee.

By the charter of the city of Chicago, see chap. 4, S. 8, 30th and 54th, the city has the control of its public streets, and by S. 11, chap. 6, of the charter, it is made the duty of the Board of Public Works of said city, to take the special charge and superintendence of such streets, etc. and by S. 1, chap. 11, the common council are authorized to cause the streets to be filled, graded, paved, etc. and to keep the same in repair.

The fact that a public improvement, such as filling, grading and paving a public street, is being carried forward, raises a presumption that it is being prosecuted by the party for whose benefit it is made, and who alone has authority to make it. No other person could thus interfere with a public street, without becoming a wrong-doer, and the law will not presume any one to be a wrong-doer. *Averill* v. *Williams*, 1 Denio, 501. On the contrary, it will presume every act to be rightfully done, until the contrary appears.

When municipal corporations or individuals are charged, as in the case of streets or highways, with the duty of keeping them in repair, and exercising a general oversight in regard to the position and safety, they, or the body they represent, are liable for all injuries happening by reason of their negligence. *City of Chicago* v. *Robbins*, 2 Black, 418.

The city is also liable for injuries received from its neglect to keep proper lights and guards at night, around an excavation which it has caused to be made in the street, whether it has or has not contracted for such precautions, with the persons executing the work. *Storrs* v. *City of Utica*, 17 N. Y. 104 ; *Grant* v. *City of Brooklyn*, 41 Barb. 381.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

There is no dispute about the facts of this case. By the charter of the city of Chicago, which is a law of this State, the control of the public streets is given to the city, and the Board of Public Works of the city is required to take special charge and superintendence over them, and the common council are authorized to cause the streets to be filled, graded and paved, and to keep them in repair.

It is not denied that Milwaukee Avenue is a public street of the city of Chicago, and the evidence shows that it was being paved with Nicholson pavement, at the time the accident to appellee occurred. The appellant insists, as there was no proof this work was ordered by the common council, or other proper authority of the city, therefore, the verdict was wrong.

A sufficient reply to this is, that it is a reasonable presumption, when such work is being done within the limits of a city, that it is done by the proper authority of the city.

It seems, to carry on this work, an excavation several feet deep was made on the east side of the street, to receive a curb wall, into which, of a dark night, the plaintiff's horse fell, and he precipitated from the wagon, to his serious injury.

There was no proof this ditch was made by the city authorities. As this was an adjunct to the paving, the same presumption must obtain, that it also was made by the same authority directing the paving.

It is further objected by appellant, that the court instructed the jury that the title and possession of the public streets were in the city, whereas, in truth and in fact, the fee of such streets only as had been specially dedicated, was in the city.

This may be so, still it does not affect the instruction given. That nowhere asserts the fee of this street was in the city. The title may be only a possessory title, and the instruction embraces such a title, and the proof established it.

It is also complained by appellant, that it was not alleged the city authorities had notice of this excavation. No notice was necessary to them, as they caused the ditch to be made.

This case is substantially the same in its leading facts, as that of *The City of Springfield* v. *LeClaire*, 49 Ill. 476. In that case, it was held the city was under a duty, on excavating for a sewer, to place proper barricades about it, to prevent injury to passers by, and that failing so to do, and injury resulted to one in the exercise of due care on his part, the city was liable.

We perceive no real difference between that case and this, and accordingly affirm the judgment.

*Judgment affirmed.*