# THE CITY OF CHICAGO

## v.

# BERNARD T. BROPHY.

1. CITIES—*duty of, to keep the streets free from obstructions.* Whilst a city has the right to construct sewers in its streets, yet, in doing so, it has no right to leave piles of dirt upon the street in such a condition as to render it unsafe for wagons to pass.

2. If, in making improvements, it becomes necessary for a city to leave piles of dirt in the street in such a way as to render it dangerous for wagons to pass, it is negligence on the part of the city to do so without putting up guards, or notice of some kind, to warn travelers of the dangerous condition of the street.

3. SAME—*improvements made in the streets of a city are presumed to be made by the city.* It is a reasonable presumption, when work is done on the streets of a city, that it is done by the proper authorities of the city, and in a suit to recover damages for an injury occasioned by the negligent manner of doing such work, it is not necessary to prove that it was done by persons employed by the city.

4. SAME—*bound to take notice of the condition of work done on the streets.* When a city causes work to be done on its streets, it is bound to take notice of the character of the work, and the condition in which it is left, whether safe or dangerous.

5. INSTRUCTIONS—*need not be repeated.* It is not error to refuse an instruction, though it may contain a correct proposition, when the substance of it is contained in another instruction given at the instance of the party asking the one refused.

6. DAMAGES—*whether excessive.* Where a party, by reason of the negligence of a city in permitting dangerous obstructions to remain in its streets, was thrown from his wagon, and had the large bone of his leg broken about midway between the knee and ankle, and the ankle joint sprained, and it was not certain that he would ever entirely recover, it was *held*, that, although a judgment for $1500 was large, it was not so excessive as to justify a reversal.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. EGBERT JAMIESON, for the appellant.

Mr. WALTER M. HOWLAND, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action brought by appellee against the city of Chicago, to recover for an injury received on a public street of the city, alleged to have been caused by an obstruction placed in the street by the employees of the city.

A trial was had before a jury, which resulted in a verdict in favor of appellee, for $1500. The court overruled a motion for a new trial, and rendered judgment on the verdict.

Three grounds are relied upon by appellant to reverse the judgment:

1.   That the verdict is against the evidence.

2.   That the court erred in giving appellee's 3d instruction, and in refusing appellant's instruction No. 4.

3.   That the damages are excessive.

The accident occurred on the 20th day of December, 1872, resulting in the fracture of appellee's leg, and otherwise seriously injuring him. About six weeks before the injury, the city had placed a sewer in West Eighteenth street, and, two or three days before the accident, a catch-basin had been placed at the corner of West Eighteenth and Ruble streets, which was connected, by a branch sewer, with the main sewer, which was in the center of the street. The dirt taken from the excavation in constructing the branch sewer was not removed from the street, but it was piled above the sewer, leaving a ridge extending from the catch-basin to the center of the street, from a foot to 18 inches in height. This ridge, the evidence tends to show, could not be seen when the accident occurred, for the reason the street was covered with snow, which was somewhat drifted. Appellee, who was driving a baker's wagon, in the usual course of his business, his team going in a walk, encountered the ridge of dirt. The wagon was turned over and fell upon him, breaking his leg and spraining his ankle.

We see nothing in the evidence from which it can be said appellee failed to use ordinary care and caution in passing

over the street.   He had been engaged in driving a baker's wagon for several years, and seems to have been a cautious driver.   While he was familiar with the condition of that part of the street where the main sewer was constructed, and had passed over it frequently, as we understand the evidence, he did not know the condition of the street where the branch sewer was constructed, and had not had occasion to pass over it, after it had been finished, until the day of the accident.   Appellee was not aware of its dangerous condition, and had no reason to suspect it was unsafe.

It was proven, by several witnesses, that the street, in the condition in which it was when the accident occurred, was unsafe and dangerous.

No witness was called to show or explain why the obstruction was left in the street.   It is not denied that it is a duty resting upon the city authorities to keep the public streets free from obstructions, and in a safe condition for all who may have occasion to travel over them.

While the city had the undoubted right to construct the sewer in the street, yet, in making the improvement, it had no right to leave piles of dirt upon the street in such a condition that it would be unsafe or dangerous for wagons to pass.

It does not appear, from the evidence, that it was necessary, in making the improvement, to leave the ridge of dirt over the sewer, that appears to have been done ; but even if it was, it would be negligence on the part of the city to do so, unless guards were put up, or notice of some kind given to warn travelers of the dangerous condition of the street.   Nothing of the kind was, however, done in this instance.

We are, therefore, satisfied that the evidence before the jury was sufficient to warrant the conclusion that appellee was in the exercise of due care, and that the accident arose from the negligence of the city, in failing to keep the street free from obstruction.

The 3d instruction given for appellee, to which exception was taken, is as follows:

"If the jury believe, from the evidence in this case, that the injury complained of was caused by a dangerous pile of dirt or earth left in Eighteenth street by persons employed by the city authorities to place a sewer or catch-basin in such street, then the jury are instructed that it is not necessary that the plaintiff. in order to recover in this suit, should prove that the city authorities had actual notice that such pile of dirt or earth was in said street."

It is said there is no evidence that any dangerous pile of earth existed in the street.

We do not so understand the evidence. Several of the witnesses testify to the dangerous condition of the street, and the proof shows the ridge of dirt, 18 inches high, extending from the catch-basin to the center of the street. These facts, in connection with the additional one, that appellee's wagon, in passing over the obstruction, was overturned, was sufficient to justify the instruction.

It is also urged, that there was no proof that the persons who did the work were employed by the city.

This objection is fully met by the decision of this court in *City of Chicago* v. *Johnson,* 53 Ill. 91, in which it was held, that it is a reasonable presumption, when such work is done within the limits of the city, that it is done by the proper authority of the city.

Nor is the objection to the last clause of the instruction tenable. If the city caused the work to be done, it was bound to take notice of the character of the work, and the condition in which it was left—whether safe or dangerous.

As to the 4th instruction of appellant, which the court refused, its substance was contained in appellant's 3d instruction given, and even if it contained a correct proposition, it was not error to refuse it, as it has been often held by this court not to be error to refuse duplicate instructions.

This brings us to the last point relied upon by appellant, that the damages are excessive. While the verdict is large, and we would have been better satisfied had it been smaller, yet, under all the evidence, it is not so excessive as to justify a reversal. It appears that the larger bone of the leg was broken about midway between the knee and ankle joint, and at the same time the ankle joint was sprained. At the time of the trial, appellee had not entirely recovered from the injury received, and it was by no means certain that he ever would entirely recover. Under these circumstances, we can not disturb the verdict on the ground that it is excessive.

The judgment will therefore be affirmed.

*Judgment affirmed.*