## CITY OF CHICAGO
### v.
## ROBERT McCULLOCH, Adm'r.

1. DAMAGES OCCASIONED BY NEGLIGENCE—EVIDENCE OF PECUNIARY CIRCUMSTANCES OF HEIRS AND NEXT OF KIN.—In actions by a parent for damages on account of the death of a child occasioned by negligence of the defendant, evidence of the pecuniary circumstances of the parents and next of kin is not competent.

2. CITIES—DUTY AS TO SIDEWALKS.—A municipal corporation is only bound to exercise reasonable care and diligence in keeping its sidewalks in repair.

3. NOTICE OF DEFECT IN SIDEWALK—CONSTRUCTIVE NOTICE.—What length of time would be sufficient to charge a city with notice of a defect in its sidewalk, is a question of fact for the jury, to be determined by the peculiar circumstances of each case, depending upon the nature of the defect, its situation, the degree of its exposure to ordinary observation, and various other circumstances.   It is impossible, as a matter of law, to fix any precise time which would be sufficient to warrant a jury in presuming notice.

APPEAL from the Circuit Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.   Opinion filed February 24, 1882.

Harry Cook, the plaintiff's intestate, a boy between three and four years of age, was injured by falling through a hole in the sidewalk, on Loomis street, in the city of Chicago, on or about the 27th day of July, 1878, and some three weeks thereafter died, as is claimed, in consequence of said injury The evidence as to the condition of the sidewalk at and preceding the date of the injury, is conflicting; the plaintiff's witnesses testifying, in substance, that at that date, and for a long time prior thereto, it was and had been very ruinous and dilapidated, and that the hole into which the plaintiff's intestate fell had been in existence for several weeks, at least; while the testimony of the witnesses for the defendant tends to show that, both before and at the time of the injury, the sidewalk was apparently in good condition and repair, and that the hole was caused by the removal of a plank by two other boys, immediately prior to the accident.

The deceased left him surviving as his next of kin, his father and mother, four sisters and one brother, the oldest, the brother, being then nineteen years of age. The parents and family of the deceased were living, at the time, on Loomis street, near and within view of the place of the accident, and it appears that they were well aware of the condition of the sidewalk, whatever it was. This appears from the testimony of both the mother and brother, the former especially, saying that in consequence of its ruinous condition she had long been in the habit of avoiding it as much as possible.

The deceased, at the time, was playing on the sidewalk, his mother in the meantime sitting in the door of her dwelling engaged in sewing, and his brother sitting on the edge of the sidewalk, not more then ten or fifteen feet from the place of the accident, but with his back in that direction. According to the brother's testimony, the deceased, just before the injury had his arm around witness's neck, and had been gone but a few seconds when witness heard a scream, and turning round, saw that deceased had fallen through the sidewalk, and was hanging suspended between two planks by his forehead and the back of his head.

The only other witness who was present at the accident, was

City of Chicago v. McCulloch.

a little girl about five years old, and her account of it is, that two other boys who were playing with the deceased, lifted up a plank in the sidewalk, and told the deceased to climb down, and that in attempting to do so, he got his head caught in the position in which his brother found him.

On the trial, the plaintiff, against the objection and exception of the defendant, was permitted to prove that the parents of the deceased were laboring people, not able to keep a nurse, and had no one to care for the smaller children except the mother; that she had no assistance in her housework except her children, and that during a portion of the time they were working out for wages; that the mother herself sometimes went out nursing, and when not so employed, did sewing; the court remarking on overruling the objection, that the evidence was competent upon the question of negligence on the part of the parents of the deceased, but not as tending to show damages.

Among the instructions given to the jury at the instance of the plaintiff, were the following:

4. " On behalf of the plaintiff, the jury are instructed that the city was bound to keep the sidewalks in repair; if they knew of any defect in the sidewalk, it was their duty to have it repaired within a reasonable time to make such repairs after notice, and if it neglected it, then the city is liable for the consequences of the negligence of its authorities. The city would be liable for negligence, if a reasonable time elapsed without repairing it before the accident occurred.

6. " If the jury believe from the testimony that the hole in the sidewalk, and the loose plank therein described by the plaintiff's witnesses, had existed for several weeks prior to the happening of the accident, the jury are warranted in presuming and finding that the city had actual notice of its existence, and if so, it was the duty of the city authorities to repair it.

13. "The jury are instructed that it is not necessary to prove by the opinions of witnesses the amount of damages, but the jury are to act on their own judgment and discretion, based on the evidence as to the age and character of the deceased, in connection with the circumstances of the parents and next of kin, and all the other evidence in the case."

Exceptions to the foregoing instructions were duly preserved by the defendant and thereupon the jury found the defendant guilty, and assessed the plaintiff's damages at $1,400, for which sum and costs, the court, after overruling the defendant's motion for a new trial, gave judgment for the plaintiff.

Mr. JULIUS S. GRINNELL, for appellant; that an execution can not be issued against a city, cited Chicago v. Hasley, 25 Ill. 595; City of Olney v. Harvey, 50 Ill. 453; Elrod v. Town of Bernadotte, 53 Ill. 368; Cumberland v. Edwards, 76 Ill. 544; Kinmundy v. Mahan, 72 Ill. 462; Bloomington v. Brokaw, 77 Ill. 194; Elgin v. Eaton, 83 Ill. 535; Village of Kansas v. Juntgen, 84 Ill. 360; City of Paris v. Cracraft, 85 Ill. 294; City of Morrison v. Hinkson, 87 Ill. 587.

It is error to admit proof of the pecuniary condition of the plaintiff or next of kin, in actions of this character: C. & N. W. R. R. Co. v. Moranda, 93 Ill. 302.

Parents must be charged with the duty of exercising reasonable care for the safety of their children: Hatfield v. Roper, 21 Wend. 615; T. W. & W. R'y Co. v. Grable, 88 Ill. 441; Chicago v. Starr, 42 Ill. 178; Chicago v. Starr, 42 Ill. 178; T. W. & W. R'y Co. v. Miller, 76 Ill. 281; Gavin v. Chicago, 97 Ill. 71.

A person passing over a sidewalk is bound to use his eyes to direct his footsteps, and failing to do so, is negligence: Village of Kewanee v. Depew, 80 Ill. 119; Macomb v. Smith, 6 Bradwell, 473.

Instructions should be plain and explicit, free from all doubt as to the legal principles announced: Ill. Cent. R. R. Co. v. Hammer, 72 Ill. 347; Volk v. Roche, 70 Ill. 297; Shaw v. The People, 81 Ill. 150; T. W. &. W. R'y Co. v. Moore, 77 Ill. 217; C. & A. R. R. Co. v. Murray, 62 Ill. 326.

An instruction in such cases which ignores the question of due care on the part of the plaintiff, is erroneous: C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; C. & A. R. R. Co. v. Mock, 72 Ill. 141; C. & A. R. R. Co. v. Murray, 62 Ill. 326; C. B. & Q. R. R. Co. v. Griffin, 68 Ill. 499; Wabash R'y Co. v. Henks, 91 Ill. 408.

When an infant of tender years is exposed to danger, the neglect to avoid it must be the omission of the person having the child in custody: P. F. W. & C. R'y Co. v. Vining's Adm'r, 27 Ind. 513; T. W. & W. R'y Co. v. Millea, 76 Ill. 281.

Mr. GEORGE BURRY, for appellee; upon the right of a trial court to amend its record so as to conform to the judgment rendered, even after the cause is in an appellate court, cited Cario R. R. Co. v. Holbrook, 72 Ill. 419; Dunham v. So. Park Com'rs, 87 Ill. 185; Coughran v. Gutchins, 18 Ill. 390; Lyon v. Boilvin, 2 Gilm. 629; O'Connor v. Mullen, 11 Ill. 57; Hunter v. Sherman, 2 Scam. 539; Duncan v. McAffee, 3 Scam. 93.

Flagrant and long-continued neglect of duty on the part of the city is shown, and it is liable therefor: Aurora v. Hellman, 90 Ill. 67; Aurora v. Dale, 90 Ill. 46; Chicago v. Fowler, 60 Ill. 322; Kerr v. Forgue, 54 Ill. 482.

Evidence of the pecuniary condition of the parents was proper for the jury to consider in fixing the amount of their verdict: C. & A. R. R. Co. v. Shannon, 43 Ill. 346; Quincy Co. v. Hood, 77 Ill. 73; Chicago v. Scholten, 75 Ill. 471; Chicago v. Hesing, 83 Ill. 207. ——

Neither the child nor his parents were guilty of negligence: C. & A. R. R. Co. v. Gregory, 58 Ill. 227; Chicago v. Hesing, 83 Ill. 205; Chicago v. Major, 18 Ill. 360.

Manifest justice has been done, and this court will not reverse on account of improper instructions: Hopkins v. Ind. R. R. Co. 78 Ill. 34; Blemer v. The People, 76 Ill. Ill. 265; Hewitt v. Jones, 72 Ill. 218; Danforth v. Semple, 73 Ill. 170.

If the instructions as a whole are correct, the judgment will not be reversed: Lodge v. Gatz, 76 Ill. 274; Lycoming Ins. Co. v. Dunmore, 75 Ill. 16; Blemer v. The People. 76 Ill. 272.

BAILEY, J.    At the trial, evidence of the pecuniary circumstances of the parents and next of kin of the deceased, was admitted against the objection and exception of the defendant, the court holding at the time that such evidence was competent as bearing upon the question of negligence, although in-

competent as tending to show damages. By the plaintiff's thirteenth instruction, however, the jury were told that in the assessment of damages they were to act on their own judgment and discretion, based upon the evidence as to the age and character of the deceased, "in connection with the circumstances of the parents and next of kin, and all the other evidence in the case." Here, the ruling of the court made at the time the evidence was admitted was clearly abandoned, and the jury were instructed to consider in the assessment of damages, all the evidence in the case, including that which related to the pecuniary circumstances of the parents and next of kin of the deceased. This was clearly erroneous, as is shown by the decision of the Supreme Court in Ill. Cent. R. R. Co. v. Baches, 55 Ill. 379; and of this court in C. & N. W. R. W. Co. v. Howard, 6 Bradwell, 569. This error is necessarily fatal to the judgment.

There is also error in the plaintiff's fourth instruction. The proposition is there announced without limitation or qualification, "that the city was bound to keep the sidewalk in repair." In City of Chicago v. Watson, 6 Bradwell, 344, we had occasion to review an instruction containing this precise proposition, and it is unnecessary for us to repeat what we then said. It is sufficient to say that a municipal corporation is not bound, absolutely and unqualifiedly, to keep its sidewalks in repair, but only to exercise reasonable care and diligence to that end. City of Chicago v. Bixby, 84 Ill 82; Roberts v. City of Chicago, 26 Id. 249; City of Chicago v. McGiven, 78 Id. 347; City of Macomb v. Smithers, 6 Bradwell, 470; City of Joliet v. Walker, 7 Id. 267; City of Monmouth v. Sullivan, 8 Id. 50.

The plaintiff's sixth instruction is also liable to just criticism. What length of time would be sufficient to charge a municipal corporation with notice of a defect in a street or sidewalk, is a question of fact to be determined by the jury, according to the peculiar circumstances of each case. It must depend upon the nature of the defect, its situation, the degree of its exposure to ordinary observation, and various other circumstances, which in no two cases are precisely alike, and it is therefore im-

possible to fix, as a matter of law, upon any precise time which would be sufficient to warrant a jury in presuming notice.

Courts, in their instructions to juries, should limit themselves to the decision of questions of law, and all questions of fact should be submitted to the jury for their determination.

Various other points have been raised by counsel for the appellant, which we do not deem it necessary to consider, but for the errors in the foregoing instructions, the judgment will be reversed and the cause remanded.

Reversed and remanded.