CITY OF PEORIA
v.
SUSAN R. CRAWL.

*Municipal Corporations—Diversion of Surface Water—Title to Land Damaged—Evidence.*

1. A person having the actual possession of land will be regarded and deemed the true owner thereof until the contrary is made to appear.

2. In a suit to recover damages for an injury occasioned by the wrongful or negligent manner in which work is done on the streets of a city, it is unnecessary to prove that it was done by persons employed by the city, such being the reasonable presumption.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Mr. JOHN M. TENNERY, for appellant.

Mr. ISAAC C. EDWARDS, for appellee.

UPTON, J. This action on the case was commenced by the appellee against the appellant in the Circuit Court of Peoria County, to recover damages caused, as is alleged, by the appellant diverting the surface water of a large territory in appellant city from its natural course, and improperly and negligently conducting the same by means of a sewer constructed and maintained by appellant upon the lot of land of appellee,

and flooding the same, for which, on trial in said court by a jury, appellee obtained a verdict for $250, upon which verdict judgment was rendered in the court below, and to reverse which the suit was brought to this court by appeal. The main contention here is, that the appellee in the court below did not, by evidence introduced, show an actual paper title in herself to the land claimed to have been damaged by the wrongful act of appellant.

It is insisted on the part of the appellant that such was indispensable to a recovery in the court below or in this court:

1st. Because the appellee in the declaration filed in this case, avers, after description of the "*locus in quo*," that "she held and occupied the same under title in fee simple," etc.

2d. Because the action is brought and seeks to recover damages for a permanent injury to the fee, and not for an injury to a possessory interest merely.

The plaintiff testified that she was in the actual possession and the owner of the lot in question at the time of the injury complained of, and had been for a period of over twenty years (with the exception of a few months when she resided on some other premises nearer the city).

She is sustained in her evidence by some six other witnesses, indeed by all the testimony upon that point in the case on the trial below.

In Shoup et al. v. Shields et al., 116 Ill. 488, which was an action of trespass *quare clausum fregit* to recover damages for entering the close of the plaintiff, and cutting down a hedge growing thereon, it was there, as here, contended, that because the appellees failed to show a fee simple title to the land then in dispute by a regular chain of title from the Government down to plaintiffs, no recovery could be had. The court held in that case, "that it was not necessary to show a chain of title from the Government." "It would have been enough to have shown no more than possession."

In McLean v. Farden et al., 61 Ill. 106, which was an action of trespass *quare clausum fregit* for alleged unlawful entry upon lands and cutting trees thereon, the court held that the person having the actual possession of land, will be regarded

and deemed the true owner thereof until the contrary is made to appear; and that whoever would dispute that possessory title, can only do so by exhibiting paramount title.

In the case of The City of Chicago v. McGraw, 75 Ill. 566, which was an action of trespass *quare clausum* for injuries done to land by excavating the Illinois and Michigan Canal, which manifestly was a permanent injury to the land, the court held that, in trespass to real estate in the actual possession of the plaintiffs, when no effort is made by the defense to show title in any one else, proof of title other than of possession is not necessary.

We conclude, therefore, that the points above stated of appellant are not well taken, and that the court below did not err in that regard.

A further point is made by appellant, which is that it is not sufficiently shown by this record that the appellant did or caused the work done, or culvert built, which caused the injury, which, as is contended, could have been done in this case by the records or ordinances of appellant city.

The appellant's city engineer, Geo. F. Weigretman, testified that he was the city engineer of the city of Peoria, and had been such for six years prior to that time; that he, as such engineer, had charge of the work when the culvert complained of was put in, and that it was done under his supervision. The work was nearly finished in the fall of 1884, but some was done in the spring of 1885.

It is a reasonable presumption, where work is done on the streets of a city, that it is done by the proper authorities of the city, and in a suit to recover damages for an injury occasioned by the wrongful or negligent manner of doing such work it is not necessary to prove that it was done by persons employed by the city. The City of Chicago v. Brophy, 79 Ill. 277; The City of Chicago v. Johnson, 53 Ill. 94, and cases cited.

We have carefully examined the record in this case and we think the jury were warranted in the verdict rendered in the case, and that the court was fully justified in the instructions given, and finding no error therein the judgment is affirmed.

*Judgment affirmed.*