# Barnum and Richardson Manufacturing Company v. Gottlieb Wagner.

1. PRESUMPTIONS—*Workmen on the Premises of Another.*—The presence of a workman upon the premises of another is, presumably, directly or indirectly, at the instance of the owner, and omitting to state specifically in a declaration that he was there upon the request or license of the owner is, at most, a technical defect cured by verdict.

2. INSTRUCTIONS—*Manner of Presenting.*—The custom of stating that one set of instructions is given for the defendant, and the other for the plaintiff is wrong, as tending to reduce the instructions from declarations of law by the court, to the grade of arguments by the parties.

3. NEGLIGENCE—*Warning, a Recognition of Danger.*—The fact that a warning is given is of itself a recognition that the dropping of the bottom of an iron furnace is fraught with danger to those in the vicinity.

4. NEW TRIALS—*Power of the Appellate Court.*—Even if the damages are not excessive, the Appellate Court has no authority to direct that the defendant shall not have a new trial, if the plaintiff will not remit part.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

MASON BROTHERS, attorneys for appellant.

All instructions should emanate from court; hence error in notifying jury that certain instructions were given in appellee's behalf. Aneals v. People, 134 Ill. 401, 416.

C. A. FITCH, attorney for appellee.

An averment that a certain act or line of conduct is a duty is superfluous and useless; all that is required in this respect, is a sufficient statement of facts from which the law will imply a duty. West Chicago Street R. R. Co. v. Colt, 50 Ill. App. 640.

A defective statement of a good cause of action will be cured after verdict. C. & E. I. R. R. Co. v. Hines, 132 Ill. 161; Compton v. The People, 86 Ill. 176.

Every man owes to every other the duty of due care to avoid injury. Cooley on Torts (2d Ed.), 631.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee was laying brick into a wall some dozen feet, more or less, from a cupola furnace in a foundry conducted by the appellant. His presence at such work upon its premises was, presumably, directly or indirectly, at its instance. City of Chicago v. Johnson, 53 Ill. 91.

Omitting to state specifically that he was there by request or license of the appellee was, at most, a technical defect in the declaration, cured by verdict. Matson v. Swanson, 131 Ill. 255.

Barnum & Richardson Mfg. Co. v. Wagner.

The brief for the appellant makes some gentle criticism of the rulings of the court upon evidence during the trial, but there is nothing that calls for comment upon that part of the case. The manner of presenting the instructions to the jury has lately been discovered to be—as no doubt it is —wrong.

To my own knowledge, it passed without comment for twenty-five years.

That manner was in stating that one set of instructions was given on the part of the plaintiff, and the other on the part of the defendant. Such a mode tends to reduce the instructions from declarations of law by the court, to the grade of arguments by the parties, yet we can not treat the manner as an error for which to reverse the judgment; especially in a case in which all observation and experience teaches that upon the evidence the only different verdict to be expected would be one for a larger amount.

In the working of the furnace, after the contents are melted, the molten iron is first drawn off, and then the bottom of the furnace is dropped, which permits the slag and contents of the furnace other than iron to fall. Before this is done, the surroundings are made wet by sprinkling from a hose, and when the bottom is about to be dropped a warning is given.

On the day of the accident, the warning was by calling out "look out!" immediately before the drop, and when the contents of the furnace fell, an explosion followed, which threw a portion of the contents upon the appellee, and burned him. He sued, and has recovered $500.

The fact that a warning is given is, of itself, a recognition of the further fact that the dropping of the bottom of the furnace is followed by danger to those in the vicinity. As the foreman of the foundry testified, when the workman drops the bottom "he takes to his heels, and gets away as soon as he can." No explosion had ever occurred before this one, but it was commonly understood that if water stood under the furnace, an explosion might follow the dropping of the bottom.

The workman who dropped the bottom testified that no water did so stand, but the facts of the explosion and previous wetting were before the jury, as well as the further fact that no effectual warning of danger was given to the appellee.

There is no question of fellow-servants in the case. The damages can not be said to be exorbitant.

The minor irregularities complained of in the brief of the appellant could have had no influence upon the result, and the judgment is affirmed.

The appellee assigns as a cross-error, that the verdict being for $1,000, the court ordered that it be reduced to $500, for which judgment was entered, and he excepted. This was error. McCausland v. Wonderly, 56 Ill. 410.

But the assignment of error does not pray a reversal of the judgment, but that the verdict " be reinstated and judgment entered thereon." He does want a new trial, and we have no authority to direct that the appellant shall not have a new trial if the appellee will not remit.