## THE CITY OF OTTAWA

*v.*

## EDWARD HAYNE.

*Opinion filed February 21, 1905.*

1. EVIDENCE—*when admission of evidence in an action against a city is not error.* Permitting a night watchman, paid by private parties, to testify with other witnesses as to circumstances tending to show constructive notice to the city of an obstruction on the sidewalk is not error, upon the ground that the jury might infer that notice to the watchman was actual notice to the city although he was not in its employ, where such inference is expressly negatived by the instructions.

2. INSTRUCTIONS—*when party cannot complain that instruction is erroneous.* On appeal by a city from a judgment awarding damages, the appellant cannot urge as error an omission from the plaintiff's instructions upon the doctrine of constructive notice, of the requirement that a reasonable length of time to remove an obstruction from a sidewalk must have elapsed between the time the city would be charged with constructive notice of its presence and the time plaintiff was injured, where the instructions for the city on the same subject also omit that requirement.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

DANIEL R. BURKE, for appellant.

BROWNE & WILEY, and McDOUGALL & CHAPMAN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

On the morning of the 10th day of March, 1902, certain representatives of the Majestic Manufacturing Company, a foreign corporation, suspended a cloth advertising banner, by means of ropes, across Main street, in the appellant city,

from the third story of a building occupied by the Pound-stone-Refior Hardware Company to the roof of a building on the opposite side of the street. In order to keep the banner smooth, a guy-rope was attached to the lower edge thereof, some seven or eight feet in front of the Poundstone-Refior building, and the rope was brought down and made fast to an iron window-grating on that building. This guy-rope was made fast to the window-grating at a point twenty-nine inches above the level of the sidewalk. At about the hour of 8:30 P. M. on the evening of March 11, 1902, the appellee was passing along the sidewalk in front of the Poundstone-Refior building. The night was dark and rain was falling. He was moving rapidly, keeping near the building to shelter himself from the rain, when he was caught by this guy-rope and thrown down on the sidewalk. His right shoulder was dislocated and his right eye so seriously injured as to permanently impair the sight thereof. He brought an action on the case to recover damages occasioned by his injuries, making the Poundstone-Refior Hardware Company, the Majestic Manufacturing Company and the appellant city defendants thereto. The case was dismissed as to the manufacturing company for want of service, and on a trial before the court and a jury a verdict of not guilty was returned as to the Poundstone-Refior Hardware Company and verdict and judgment was rendered against the appellant city in the sum of $3000. The Appellate Court for the Second District affirmed the judgment, and the city has appealed to this court.

No reversible error occurred in connection with the testimony of James Kilgore, a witness produced in behalf of the appellee. The witness was in the employ of certain of the merchants of the appellant city as a night watchman, and was paid by such merchants, and not by the city. The appellant city contends that this witness was introduced for the purpose of showing that the city, through him, had actual knowledge that the sidewalk was obstructed and rendered unsafe by the guy-rope; that he was not an officer or agent

of the city, and that notice to him was not notice to the city. The appellee produced a number of witnesses for the purpose of proving facts and circumstances from which an inference would properly arise that the city could and ought have discovered that the guy-rope was an obstruction to the free and safe passage of pedestrians along the walk had it exercised reasonable diligence to keep the sidewalk free from obstructions. One of such witnesses was said Kilgore, who in the course of his testimony stated that he was a night watchman, and that in the discharge of his duties in that capacity he passed along the sidewalk at the point in question during the night before appellee was injured. It was not claimed or intended by appellee that the knowledge which Kilgore had of the dangerous condition of the walk should be taken as constituting actual notice thereof to the city. Appellee's contention was, that Main street, at the point where appellee was injured and where the banner was displayed, was one of the principal business streets of the city, and that the sidewalk there was in almost constant use by citizens and others; that the guy-rope was allowed to remain a dangerous obstruction to passers-by from the morning of the 10th day of March until the time of the injury, at 8:30 o'clock on the evening of the eleventh of that month, and the testimony of Kilgore, like that of other witnesses, was for the purpose of proving the facts necessary to support that contention. In order the jury might not be under any misapprehension as to the matter, the court in two instructions, Nos. 43 and 44, instructed them that "knowledge on the part of said witness, Kilgore, cannot be regarded by the jury as constituting actual notice to the city of Ottawa of the existence of the obstruction."

Thirteen instructions were given on behalf of the appellee. Numerous objections are urged to these instructions, all of which we have patiently examined and found to be without merit and to consist largely of mere technicalities, based, in the main, on unimportant verbal inaccuracies. To notice

all of these objections would extend this opinion to an unpardonable length without any desirable result.

It appeared from the evidence, without contradiction or contest, that the guy-rope constituted a dangerous obstruction to pedestrians, that the appellee was exercising ordinary care in passing along the walk, and that he was injured, and entitled to recover damages. Whether the city was chargeable with constructive notice of the dangerous condition of the walk, and the proper amount of damages which plaintiff was entitled to recover if the city was so chargeable with notice, were the only real grounds of contention or defense. Both litigants asked and obtained instructions advising the jury as to the doctrine of constructive notice. The objection urged by the appellant city to the instructions on that point which the court gave at the request of the appellee is, that they omit to advise the jury that it was essential to charge the city with constructive notice, not only that the guy-rope had been across the walk for such length of time as that it might and should have been discovered by the exercise of ordinary care, but that after such notice a reasonable time had elapsed in which the city could and should have have removed the rope. The appellant, by three instructions, Nos. 39, 40 and 41, asked in its behalf, procured the court to state the doctrine of constructive notice to the jury, and in neither of them was reference made to that which is said to be omitted in the instructions asked and given in behalf of the appellee. That is to say, both parties procured the court to announce the same legal principle to the jury, and neither can now be allowed to ask this court to declare the principle so announced was erroneous. The removal of the rope could have been effected almost instantly, and it is clear both parties proceeded on the theory no appreciable period of time was required for that purpose.

The instructions of the court with reference to the elements of damage are not complained of, nor is it complained that the court improperly refused or modified any instruc-

tions.   The objection to the instructions may therefore be fairly and properly disposed of by saying they furnish no reason for the reversal of the judgment.

The judgment must be and is affirmed.

*Judgment affirmed.*