## Mary E. Douvia, Appellee, v. City of Ottawa, Appellant.

### Gen. No. 6,189.

1. MUNICIPAL CORPORATIONS, § 985*—*when duty of city to protect public against excavations in street.* It is the duty of a city to protect the public against an excavation made in a public street by a contractor.

2. MUNICIPAL CORPORATIONS, § 990*—*when city must take notice of excavation in streets.* A city must take notice of an excavation in a street made by a contractor.

3. MUNICIPAL CORPORATIONS, § 1107*—*when sufficiency of barriers and lights about excavation made by contractor in streets question for jury.* In an action against a city for damages for personal injuries sustained as a result of driving at night into an excavation made in a public street by a contractor, where it appeared that the lights were burning two hours before the accident but that they were not burning shortly before the accident, and that the lamps when lighted after the accident either would not burn or would go out immediately, *held* that it was a question for the jury whether the barriers and lights were sufficient.

4. DAMAGES, § 116*—*when verdict for personal injuries not excessive.* A verdict for $3,000 in favor of a woman who previously to an accident had been in good health and had never employed a physician, and who was badly bruised as a result of the accident, contracted pneumonia, and never regained her former condition of health, *held* not excessive.

5. TRIAL, § 91*—*when objections to form of questions insufficient.* Objections to the form of questions claimed to invade the province of the jury are insufficient when general in character.

6. APPEAL AND ERROR, § 1507*—*when overruling of objections to form of questions invading province of jury harmless error.* The overruling of objections to the form of questions claimed to invade the province of the jury is harmless error where the jury could not have found otherwise if the questions had not been asked.

7. INSTRUCTIONS, § 151*—*when refusal of instructions covered in charge not erroneous.* It is not error to refuse proffered instructions sufficiently covered in the general charge.

8. INSTRUCTIONS, § 18*—*when misleading instructions properly refused.* Instructions which are calculated to mislead the jury are properly refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

9. NEGLIGENCE, § 237*—*when instruction properly modified.* In an action for damages for personal injuries negligently caused, an instruction *held* properly modified by changing the expression "the cause of the accident" to "the proximate cause of the accident."

10. MUNICIPAL CORPORATIONS, § 1100*—*when instruction in action for personal injuries on sufficiency of lights about excavation properly modified.* In an action against a city for damages for personal injuries sustained as a result of driving into an excavation in a street at night which was insufficiently guarded and lighted, a requested instruction that would have relieved defendant from liability upon its placing at the excavation two or three red lanterns, without regard to their power or efficiency, *held* properly modified by the insertion of the words "and were a sufficient and adequate warning of the ditch and its position on said street."

11. INSTRUCTIONS, § 105*—*when requested instruction giving form of verdict proper.* A requested instruction giving a form of verdict if the jury found for the party proffering it, *held* proper.

12. APPEAL AND ERROR, § 1712*—*when error in refusal of instruction waived by failure to argue assignment.* Any error in the refusal of a proffered instruction is waived where such question, although assigned for error, is not argued.

Appeal from the Circuit Court of La Salle county; the Hon. ED-GAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916. Rehearing denied April 6, 1916.

TAYLOR STRAWN, for appellant; McDOUGALL & CHAPMAN, of counsel.

DUNCAN & O'CONOR and BUTTERS & CLARK, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

About 9:30 p. m. of April 2, 1913, appellee was riding west on Jefferson street in the City of Ottawa in a single seated top buggy, drawn by a span of horses driven by a young man of her acquaintance who was sitting at her right hand. She was being driven from the center of Ottawa to her home in the western part.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

A high wind was blowing, accompanied by thunder and lightning, and the night was very dark. At a certain place in Jefferson street a trench had been dug from the north curb line to the center of the street for a sewer to connect with a school building north of the street, and also for a water main. The witnesses differ some as to the width and depth of the excavation, but it is sufficient to state here that it was probably six or seven feet deep and about four feet wide. Some barriers had been placed about the opening, and three red lanterns had been placed there at five o'clock that afternoon. The red lights were not burning at 9:30 p. m. and there was no street lamp near, and the driver of the team did not see the excavation, but drove into it. The horses went into the ditch and in some way turned to the north, so that they were in line with the ditch, and when the accident was over they were both on the same side of the buggy tongue. Appellee went down between the horses with her head near their feet. She was taken out unconscious and removed to a neighboring house and from there to a hospital, and proved to be seriously injured, and had pneumonia as a result of the exposure. She brought this suit against the city to recover damages for her injuries, and upon a trial had a verdict and a judgment for $3,000, from which the city prosecutes this appeal.

The legal principles fixing the duty of a city to protect the public against such an excavation, whether dug by the city or by a contractor, and requiring the city to take notice of such an excavation in its streets, are laid down in *City of Chicago v. Gallagher,* 44 Ill. 295; *City of Springfield v. LeClaire,* 49 Ill. 476; *City of Chicago v. Johnson,* 53 Ill. 91; *City of Sterling v. Thomas,* 60 Ill. 264; *City of Chicago v. Brophy,* 79 Ill. 277. The principal defense of the city is that at five o'clock that night two laborers, Nick Kozwich and Marcus Yakowich, placed barriers around the excavation and

lighted and put up three red lanterns, which were burning well when they left, and that thereby the whole duty of the city to the public for that night had been performed, and therefore the city is not liable to appellee. About 7:15 that evening a witness passed in sight of that place and saw that there were two red lights burning. Some little time before the accident two men passed near the excavation and saw that no lights were burning. There were no lights burning as appellee reached this place. After the accident several people came there, including one or more officers of the city, and an effort was made by more than one person to relight the lanterns, and it was found that they would not burn, or would go out almost immediately. The lanterns were intact. This evidence tended to show either that the lanterns were not properly supplied with the right kind of oil, or that the wicks were defective. The city could have caused the lamps to be preserved and presented in evidence, but this was not done. Manifestly, appellee was in no condition to examine or preserve the lanterns. The jury were the judges whether sufficient barriers had been erected or sufficient lights had been provided to protect the public on that stormy night. We see no reason to disturb the conclusion of the jury that the city is liable.

It is contended that the damages are excessive. Appellee up to that time was in good health. She had never required the services of a physician. She was very badly bruised. She had pneumonia as the result of the exposure, and had never recovered her former condition of health. Without stating minutely her physical condition from that time on, as detailed in the evidence, we think it sufficient to say that we do not feel warranted in disturbing the award of the jury.

Certain questions were put to a physician, who attended appellee after the injury and who also testified as an expert, which appellant contends left to the witness the very questions which the jury were to de-

cide. In the main the objections were not well
founded, but it is an answer to them all that the ob-
jections in the trial court were general only and did
not call attention to the definite form of the questions,
which could and would, no doubt, have been modified,
if the point had been called to the attention of court
and counsel. Moreover the jury could not have found
otherwise if these questions had not been asked, nor
were the answers particularly specific. For example,
the physician was asked if certain conditions in his
opinion were permanent. He did not reply that they
were, but in effect that it was difficult to tell; they
might or they might not be. We are of opinion that no
reversible error is shown by the abstract in this case
on that subject.

The court gave two instructions requested by plain-
tiff, both relating to the measure of damages. It is
not claimed there is any defect in them. The court
gave without modification seventeen instructions re-
quested by appellant and modified two instructions re-
quested by appellant and refused nine. Of the refused
instructions, we think it sufficient to say that those
which stated correct rules of law were sufficiently em-
bodied in the given instructions, and some of them
stated the responsibility of the city less strongly than
the foregoing authorities required. Some of them
were so worded that they were calculated to mislead
the jury. The ninth instruction changed the expres-
sion "The cause of the accident" to "the proximate
cause of the accident." We approve of that modifica-
tion. The third instruction requested by defendant
would have relieved appellant of liability upon its
placing at the ditch in question that night two or three
red lanterns, without regard to the power and effi-
ciency of those lanterns. The court modified this by
inserting the words, "and were a sufficient and ade-
quate warning of the ditch and its position on said
street." The authorities above cited, in our opinion,

justified that requirement. Instruction No. 30, requested by appellant and refused, gave a form of verdict if the jury found for the defendant. It should have been given. The bill of exceptions certifies that it contains all the instructions and it contains no instruction for either party as to the form of the verdict, but the verdict which was returned shows that the jury were able to form a verdict, and we cannot believe that if they had wished to return a verdict for the defendant, they would have been unable to form it. Moreover, though the refusal of this instruction is assigned for error, it is not argued and it is therefore waived.

We find no reversible error in the record, and the judgment is therefore affirmed.

*Affirmed.*