### Harry L. Wells, Appellant, v. Village of Kenilworth, Appellee.

#### Gen. No. 28,019.

1. HIGHWAYS AND STREETS—*contributory negligence of automobilist as question of fact.* It is a question of fact for the jury to determine whether or not plaintiff was contributorily negligent in driving his automobile into an unlighted safety island lamp-post maintained by defendant in the middle of a public road where the evidence shows that the post was of concrete, two feet square and ten feet tall, surmounted by a light globe with lights showing in all four directions, that the accident happened about midnight but that the lights were not lighted at the time, that the roadway was shaded by trees, the moon being dim and low, that a similar post on the opposite side of the street intersection was also unlighted and that plaintiff was driving about twenty miles per hour without his large headlights lighted and depending wholly on the light from two small side lights and a spot light directed across the front of his machine and that he kept in the center of the driveway guiding himself by the lights of approaching cars and that he did not see the safety island and collided with it.

2. HIGHWAYS AND STREETS—*safety island in street as obstruction as question of fact.* It is a question of fact for the jury to determine whether a safety island eight feet long, three feet wide and a foot high, constructed of concrete and containing a concrete lamp-post two feet square in its center, is an obstruction to travel so as to make the village which maintains it liable for damages to an automobile which was driven into it at night, the lamps in post being unlighted, or whether it is an aid to travel and a necessary protection to people using the streets, where it stands in the center of a driveway at its intersection with another street and the driveway is bordered with shade trees which cast dark shadows across the driveway when the moon is low and dim as at the time of the collision.

3.  HIGHWAYS AND STREETS—*necessity for lighting safety island in center of street as question of fact.* It is for the jury to determine whether or not it was necessary for the village which maintained a heavy concrete safety island in the center of the street to equip a concrete lamp-post two feet square which stood in the center of the island with lights for the guidance of users of the highway at night where it appears that the island was situated in the center of the driveway on one side of its intersection with another street, that the street in which it stood was bordered with shade trees which cast dark shadows across the street when the moon was low, that a similar island and post on the opposite side of the street had been struck by a motor truck a few days before plaintiff collided with the one in question, that both collisions occurred at night and that the lights on the lamp-posts were unlighted at the time.

4.  HIGHWAYS AND STREETS—*whether village negligent for failure to light street lamps on safety island as jury question.* In an action against a village for damages to plaintiff's automobile from collision with a safety island on which the street lights were unlighted, it is a question of fact whether or not the village was negligent in not having the street lights burning, where the evidence shows that the safety island was located in the center of the driveway at a street intersection and was of heavy concrete construction with a heavy concrete lamp-post in the center, that the street was bordered with shade trees and at the time of the accident the moon was low and cast dark shadows from the trees across the street, that on the night in question the lights were not turned on until an hour after midnight, the time of the accident, and tends to show that an agent of the defendant was charged with the duty of turning them on which was done by making the connection with an electric switch.

5.  HIGHWAYS AND STREETS—*notice to village of unlighted condition of street lights as question for jury.* In an action against a village for damages to plaintiff's automobile, resulting from a collision with a heavy concrete safety island and lamp-post maintained by the defendant in the center of a street at its intersection with another street, it is a question of fact whether or not defendant had notice that the lights in such lamp-post were unlighted at the time of the collision, where it appears that on the evening of the accident the lights in question were not turned on until an hour after midnight, that they were operated by a simple electric switch and were usually turned on by an agent of defendant charged with that duty, and where evidence is offered tending to show that a similar accident occurred at a similar obstruction on the opposite side of the intersection a few nights previous because of the unlighted condition.

6. HIGHWAYS AND STREETS—*admissibility of evidence of similarly caused accident to show notice of defect.* In an action against a village for damages caused to plaintiff's automobile in a collision resulting from the alleged negligent failure of defendant to light street lights on a safety island in the center of a street at its intersection with another street, evidence that two or three nights before a motor truck collided with a like unlighted obstruction on the same street on the opposite side of the intersection because of the absence of lights is admissible to show that absence of lights was a common cause of accidents as tending to raise a presumption of knowledge.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed March 19, 1923.

FISHER, BOYDEN, KALES & BELL, for appellant; J. F. DAMMANN, JR. and PRESTON BOYDEN, of counsel.

ELMER E. JACKSON and JOHN E. KEHOE, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

By this appeal plaintiff seeks the reversal of an adverse judgment entered upon a directed verdict in an action to recover damages sustained to plaintiff's automobile as the result of a collision between it and a safety island lamp-post standing in the center of Sheridan road at Kenilworth avenue in the Village of Kenilworth, Illinois.

Sheridan road runs north and south. Kenilworth avenue intersects it running east and west. At the intersection defendant had placed two safety islands in the center of Sheridan road, one in line with the south sidewalk of Kenilworth avenue, and the other in line with the north sidewalk. These consisted of a cement base eight feet long, three feet wide, raised about a foot from the street pavement. From this base arose a heavy concrete pedestal about two feet square and about ten feet tall. Each column was sur-

mounted with a globe with an electric light bulb, and on four sides of the column were lamps showing lights in all four directions.

The accident happened about midnight of August 24, 1922. At this time the north column was intact, but the south column had been broken off two or three nights before by a heavy army truck. The evidence tended to show that on the night of the accident in question none of the lights on either of these islands was lighted; the moon was shining but was low in the sky, and as there were many trees along the road it cast dark shadows on the roadway. Plaintiff was driving his automobile south on Sheridan road. He says he was going less than twenty miles an hour; that his large headlights were not lighted, as they would have blinded the drivers of the automobiles coming from the opposite direction. Two small lights were lighted, also a spot light, which was pointed across the front of the machine towards the pavement or curbing on the sidewalk. As it was dark he kept well towards the center of the street, guiding himself by the lights on the northbound cars. He reached Kenilworth avenue a few minutes after twelve o'clock. He did not see the north safety island or know it was there until he struck it, virtually wrecking his automobile. There was evidence tending to show that the lights on this safety island or column were unlighted at eight-thirty o'clock and also at about eleven-thirty o'clock of that evening. About an hour after the accident they were lighted.

Defendant seeks to support the judgment by contending:

First: That plaintiff was guilty of contributory negligence. Whether or not this was true was a question of fact which should have been submitted to the jury.

Second: That the safety island was not an obstruction to travel but an aid thereto and a necessary pro-

tection to people using the streets. This question is wholly one of fact for the jury to determine.

Three. That it was unnecessary to equip this column with lights at all. Again this depends upon the conditions and circumstances of the location and is purely a question of fact.

Fourth: No proof of any negligence on the part of defendant in failing to have the column lighted at the time of the accident and no proof of any direct or constructive notice that the lights were out at this time. These are questions of fact. There was evidence from which it might be reasonably inferred that the lights were not turned on upon this evening until an hour after midnight. It is also a reasonable inference that they were usually turned on by some agent of the defendant charged with this duty, and that this would be done by the simple act of making the proper connection by an electric switch. Under such circumstances the person charged with this duty would or should know that he had not turned on the lights at this time. No other notice to defendant would be necessary.

If the lights were out because of some break or defect, it would still be a proper question for the jury to determine whether this condition had existed sufficiently long to amount to constructive notice to defendant of this fact.

Principles underlying such a situation are that when a municipality places an obstruction in one of its highways it is charged with the duty of properly guarding it and placing warning signals thereon so it will not constitute a danger to traffic, and it is a question for the jury whether or not this has been properly done. *City of Chicago v. Brophy*, 79 Ill. 277; *City of Salem v. Webster*, 192 Ill. 369; *Hanrahan v. City of Chicago*, 289 Ill. 400; *City of Aurora v. Rockabrand*, 149 Ill. 399; *City of LaSalle v. Evans*, 111 Ill. App. 69.

The question of notice in such cases is ordinarily

for the jury and depends largely upon the nature of the defect, if any, and the circumstances of each particular case. *City of Ottawa v. Hayne,* 214 Ill. 45; *City of Chicago v. McCulloch,* 10 Ill. App. 459; *Douvia v. City of Ottawa,* 200 Ill. App. 131; Elliott on Roads and Streets, pages 660 and 933.

Plaintiff sought to introduce evidence of a collision between a truck and the south safety island or column occurring two or three nights before the accident in question and that the cause of this other accident was the absence of lights on the column. The court ruled against the admission of this testimony. This was competent as tending to show that the absence of lights was a common cause of the accidents, hence tending to raise a presumption of knowledge. *City of Chicago v. Jarvis,* 226 Ill. 614.

For the reasons above indicated the peremptory instruction to the jury was erroneous and the judgment entered pursuant thereto is reversed and the cause is remanded.

*Reversed and remanded.*

MATCHETT, J., concurs.